David Brown, *vs.* Joseph F. C. Harley.

DAVID BROWN, *vs.* JOSEPH F. C. HARLEY.

A *scire facias* to revive a judgment is not an original but a judicial writ, founded on some matter of record to enforce execution of it, and properly speaking it is only the continuation of an action.

In *scire facias* upon judgment a declaration is not necessary.

It is a presumption of law that every thing done in a Court of record is *regularly* done, unless the contrary appear upon appeal or writ of error.

In *scire facias* before the Circuit Courts of the State to revive a judgment rendered in a Superior Court of the Territory, a suggestion to the Superior Court in these words 'and now in behalf of the said Joseph F. C. Harley it hath been understood in the said Court that although the judgment thereof is given, yet execution for, &c., remains to be made,' &c., furnishes no warrant or authority for any proceedings in the *Circuit* Court.

The judgment in this case being for a specific sum in damages as prayed in the writ and for costs is erroneous. The judgment should have been " Let execution issue according to the force and effect of the judgment aforesaid by default of D. B. defendant."

Writ of Error to Leon Circuit Court :

The action below was by *scire facias*, to revive a judgment rendered in the late Leon Superior (Territorial) Court on 21st November, 1842, in favor of Joseph F. C. Harley, and against David Brown, for $1,483. The *scire facias* is in these words:

" THE STATE OF FLORIDA,

*To the Sheriff of Leon County*—GREETING :

Whereas at a Superior Court of the Middle District of the Territory of Florida for the County of Leon, begun and held at the Court House in the City of Tallahassee, on Monday the 14th day of November, 1842, and continued till and after Monday the 21st November, 1842, a certain Joseph F. C. Harley, on the said 21st November, 1842, by the consideration of said Court, recovered against one David Brown a judgment for the sum of fourteen hundred and eighty-three dollars, the damages which the said Joseph F. C. Harley had sustained by occasion of the non-performance of certain promises and assumptions by the said David Brown to the said Joseph F. C. Harley lately made, and his costs by him about his suit in that behalf expended, as appears of record. And now, on behalf of the said Joseph F. C. Harley, it hath been understood

David Brown, *vs.* Joseph F. C. Harley.

in the said Court, that although the judgment thereof is given, yet execution for the damages and costs aforesaid still remains to be made for him—wherefore the said Joseph F. C. Harley hath besought that a proper remedy be granted in this behalf. You are, therefore, hereby commanded that you make known to the said David Brown, that he be and appear before the Circuit Court of the Middle Circuit of the State of Florida for Leon County, at the Court House in the City of Tallahassee, on the fourth Monday of the present month—that is to say, on the 27th day of April, A. D. 1846, to show, if he hath or can say any thing for himself, why the said Joseph F. C. Harley ought not to have his execution against him for the damages and costs aforesaid, according to the force and effect of the recovery aforesaid, if he, the said David Brown, shall think fit; and further to do and receive what the said Court shall then and there consider concerning him in this behalf, and have then and there this writ. Witness," &c.

This writ was served, and at the appearance term, (May, 1846,) the defendant moved the Court for a rule upon the plaintiff to file a declaration in this case, on or before the first day of the next term; and upon default, that the action be dismissed, according to the Rules and Practice of the Court. This rule was refused, the *scire facias* being deemed a sufficient declaration in practice, if the plaintiff wished to rely upon it as such.

At the November term, 1846, (the defendant having filed no plea,) the following judgment was rendered: "This day came the plaintiff by his attorneys, and the defendant having filed no plea herein, and having been duly warned and not appearing, on motion of the plaintiff by his attorneys, it is considered by the Court, that the said plaintiff may have execution against the defendant for fourteen hundred and eighty-three dollars, the damages and the costs in the writ aforesaid specified; and, also, that the plaintiff recover against the said defendant his costs, by him expended in suing forth and prosecuting this writ, and the said defendant in mercy, &c."

To reverse this judgment, the defendant prosecuted his writ of error in this Court, upon the following assignment of errors:

I. That the Court erred in refusing to require the plaintiff Joseph F. C. Harley to file a declaration in *scire facias* in this case, as is shown in bill of exceptions.

David Brown, vs. Joseph F. C. Harley.

II. That the Court erred in requiring defendant to plead to the writ of *scire facias* as a declaration.

III. That the Court erred in giving judgment for plaintiff below upon the said writ of *scire facias*, because the said writ of *scire facias* is altogether irregular and insufficient in this :—

1st. That said *scire facias* doth not allege that the judgment set forth was regularly rendered.

2nd. That said *scire facias* doth not allege that suggestion hath been made to Leon Circuit Court, which issued said writ, that execution remains to be made, but alleges that suggestion of that fact hath been made to Leon Superior Court—which suggestion to Leon Superior Court could not be legal ground for issuing the writ from Leon Circuit Court, nor warrant the issuing of such writ of *scire facias*, nor make the same legal and valid.

3rd. That it doth not appear by said *scire facias* that Leon Circuit Court had any rightful power to issue said writ—for it is not shown, nor suggested, *either* that said Leon Circuit Court rendered said judgment, or that the record of said judgment now remains in the Court which issued said writ of *scire facias*.

IV. That the Court erred in ordering execution to issue, it not appearing to said Leon Circuit Court of record that no execution hath issued on said judgment.

V. That the said writ doth not show authority or power in Leon Circuit Court to issue execution.

VI. That in the judgment rendered on 13th day of November, 1846, ' that the said plaintiff may have execution against the defendant for fourteen hundred and eighty-three dollars, the damages and the costs in the writ aforesaid specified,' &c., is erroneous. The said execution not being awarded " according to the full force and effect of the recovery" in said writ mentioned, but awarded for damages as of the date of 13th Nov., 1846.

VII. That the plaintiff was not entitled to costs, and there is error in said judgment in awarding; also, " that the plaintiff re-" cover against the said defendant his costs by him expended in " suing forth and prosecuting this writ."

*Randall & Hagner*, for Plaintiff in Error:

The defendant in error sued out of Leon Circuit Court a writ of *scire facias quare executionem non* against plaintiff in error. At

21

the return of the writ, the defendant below insisted that the plaintiff in this action should file a declaration according to the rules and practice of the Court, or else at second term the suit should stand dismissed.    15 and 16 Rules adopted by the Supreme Court, January 1846.

Also sec. 20, Judiciary act, 94 of Duval's.

The Court refused to require a declaration, but on the contrary required defendant to plead to the writ as a declaration.

We assign this as error.

*Scire facias* is considered at law an action in the nature of a new original.    2 Saunders Rep., 71, note 4.    6 Johnston's Rep., 106. 9 Connecticut Rep., 392.

It may be released by a release of all actions.    Co. Litt. 290.

*Scire facias* to revive a judgment after a year and a day.    2 Saunder's Rep., 72d, and note 3.

In England the plaintiff files his declaration in *scire facias* of whatever character as in any other action.    2 Tidd's Prac., 1129.    2 Saunder's Rep., 72, n.    2 Chitty Arch. Prac., 835.    See Tidd's Appendix of Forms—Declaration in *scire facias* to have execution. Issue and judgment thereon p. 515.

Our laws have made no alteration whatever in this respect.— *Scire facias* is an action here in Florida just as in England.

In New York they made a change by express statute.    See 18 Wendell, p. 526.

By 2 Revised Stat., of N. Y., 579, the plaintiff may require the defendant to plead to writ of *scire facias*.    In Virginia a practice has grown up to dispense with such declaration.    See Robinson's Prac., 584.

"By the Virginia practice the declaration is dispensed with."

We submit that no such practice obtains in Florida, and no Legislative action has wrought a change.    A declaration should have been filed in this action as in all others according to the rules of Court.

Courts may rescind their rules, or may in establishing them reserve the exercise of discretion for particular cases; but a rule without such qualification must be applied to all cases that fall within it until it is rescinded.    Thompson *vs.* Hatch, 3 Pick., 512.    Wall *vs.* Wall, 2 Har. and Gill, 79.

But suppose the Court not to have erred in dispensing with a declaration, was there not error in the judgment rendered by default?

We insist that this writ of *scire facias* is not sufficient whereon to ground the judgment.

A writ of *scire facias* to revive a judgment can only issue from the Court having the record on which it was founded ; and the writ itself embody every requisite to the exercise of the power asked for. 2 Tidd's Prac., 1105. 1 Ld. Raymond's Reps. 216. 2 Saunder's Rep. 72, n.

Also 23 Pickering, 110. 2 Pennington, 529. 7 Mass., 340.— 9 Mass., 520.

Here the writ does not only *not* state the record to be within the Court to which he applies, but even the suggestion on which the proceeding is founded is made in another Court, to wit, Leon Superior Court.

*Scire facias* is granted partly upon a record and partly upon suggestion, without which no proceeding could be had upon the record. 2 Institutes, 470. 8 Bacon's Abrid., 598.

Now the suggestion made here was made in Leon Superior Court—so declared—and surely that suggestion there, cannot warrant a proceeding in another tribunal, to whom no such requisite information is declared to have been given.

It did not appear to the Court that no declaration had issued, nor does the writ show any authority in the Court to award execution of the judgment.

Again it is a principle as well established in practice as it is consonant to reason, that the judgment must be that execution be had of the original judgment to which nothing can be added. This is the prayer and it is answered "*fiat*"—*let it be done*.

The authorities are clear : 8 Bacon's Abrid., 627. 1 Pennington's Rep., 73. 2 Pennington's Rep., 529. Tidd's Appendix, 515 —576, sec. 146.

Now the damages awarded here are in the nature of a new judgment, as of the date of 13th Nov., 1846.

Again, costs are awarded to the plaintiff. By reason of his own laches he had failed to sue out execution, and on the principle of "*volunti non fit injuria*," the common law allowed no costs in such a case. The Stat. 8 and 9, W. 3, Ch. 11, Sec. 3, gave costs to plaintiff, obtaining judgment on an award of execution after plea pleaded, or demurrer joined thereon."

But cost were not allowed in England on default until 3 and 4

William 4th, (1833–4) Ch. 42. See 2 Chitty's Arch. Prac., 835. 2 Tidd's Prac., 1132.

*Scire facias* is not amendable; but the proper way is for the plaintiff to move to quash it. 1 Hiller *vs.* Frost, 1 Str. Rep., 405. Impey's Prac., 528.

*Long & Walker*, for Defendant in Error.

LANCASTER, Justice, delivered the following opinion:

This case comes by writ of error from Leon Circuit Court. It is a *scire facias* to revive a judgment rendered by the Superior Court of Leon County in the year 1842.

The first error assigned alleges that the Court erred in refusing to require the plaintiff Jos. F. C. Harley to file a declaration in this case, as appears by the bill of exceptions.

It appears by the record, that on calling this case on the appearance docket the defendant by his attorney moved the Court for a rule on the plaintiff to file a declaration in this case on or before the first day of the next succeeding term, and upon default of such declaration filed that the suit shall be dismissed according to the rules and practice of the Court. Which rule was refused, *scire facias* being deemed a sufficient declaration in practice if plaintiff chose to rely upon it as such. The same to be pleaded or demurred to as a regular declaration. To which opinion and ruling of the Court defendant excepted, which was signed, sealed and made part of the record.

The rule of the Court referred to in defendant's motion for a declaration is in the words following "all declarations must be filed on or before the first day of the term, and if not filed by the first day of the term thereafter, the suit shall be dismissed." This rule can only have reference to the cases where, by the statute, declarations are required to be filed. The act of Assembly which bears on the question is as follows: "In all actions brought to any of the Circuit Courts of this State, whether the same be commenced by *original process* against the person or against the estate of the defendant, it shall be the duty of the plaintiff or his attorney to file with the clerk his declaration on or before the first day of the term to which his action is made returnable," &c. Tho. Dig., 330, sec. 1. The case then in which a declaration is required by the statute is,

David Brown, *vs.* Joseph F. C. Harley.

in actions commenced by original process against the person or es-
tate of the defendant.   Original process against the person is declared
to be a capias or summons *ad respondendum.*   Act Nov. 23, 1828.
Tho. Dig. 321, sec. 1.   Against the estate, is provided by attach-
ment.   Act Feb. 15th, 1834.   Tho. Dig. 367, sec. 1.   In all ac-
tions therefore brought by summons against the person, or attach-
ment against the estate, the plaintiff is required to file a declaration
by the statutes, and the rule of Court must be construed with refer-
ence to the statutes in the use of the terms  " all declarations."

This is a case of  *scire facias* to revive a judgment and is not an
original but a  judicial writ, founded  on  some  matter of record, to
enforce execution of it, and properly speaking is only the continua-
tion of an action. A step leading to the execution of a judgment already
obtained and enforcing the original demand for which the action was
brought.   It creates nothing anew, but  may be said to  reanimate
that which before had existence, but whose vital powers and facul-
ties are as it were  suspended, and without its salutary  interference
would be lost.   2 Sellon's Prac. 187—8.   Yet it may  properly be
called an action  because a  release of all  actions, or  executions is
a good plea in bar to *scire facias.*   2 Sellon Prac. 187.   Neverthe-
less it is not  an original process.   The  statute does  not  absolutely
require a  declaration in  *scire facias*  to revive a  judgment.   It is
therefore  mere matter of  practice whether it should be required or
not.    In England as well as  in many of the  States of the Union,
the custom of declaring on  *scire facias*  is  believed to  exist.    In
Virginia, Kentucky, Tennessee and some other States, the practice
appears to be to plead to the writ.   No evil attends this practice, ev-
ery defence which could be made by way of  plea, or demurrer to a
declaration may also  be  made to the  writ, and  unless  it  contains
all  the allegations and  averments  necessary to a valid. declaration
will be held bad on demurrer.   The practice is convenient, because
it waives the necessity of  a  formal declaration and prevents repeti-
tion on  the  record.   The form of  a  declaration  in  *scire facias* on
judgment is nothing more than a repetition of the writ, with a prayer
for execution.   The writ cites the defendant to shew cause why ex-
ecution  shall not issue.   It may be  considered substantially in the
nature of  a  prayer  for execution.   2 Sellon's p. 51.   No practice
has  yet  been established  by the  Supreme Court, and it is  under-
stood it has differed in the various Circuits.   It is thought under the
considerations hereinbefore expressed that in *scire facias* upon judg-

David Brown, *vs.* Joseph F. C. Harley.

ment a declaration is not necessary, and not required by law, and that the Court did not err in refusing to grant a rule on plaintiff for a declaration as moved by defendants attorney.

The second error assigned is: The Court erred in requiring the defendant to plead to the writ of *scire facias* as a declaration.

For the reasons before set forth this assignment of error is considered by the Court not well taken, and is overruled.

The 3d error assigned alleges the writ of *scire facias* to be altogether irregular and insufficient, because, firstly, it does not allege the judgment set forth was regularly rendered. Secondly, that the writ of *scire facias* doth not allege that suggestion hath been made to Leon Circuit Court that execution remains to be made, but alleges the suggestion of that fact hath been made to Leon Superior Court, which cannot be legal ground to warrant the issuing the writ from Leon Circuit Court, nor make the same legal and valid. And thirdly, it doth not appear by the writ of *scire facias* that Leon Circuit Court had any rightful power to issue said writ, for it is not shewn or suggested that Leon Circuit Court either rendered the judgment, or that the record of said judgment now remains in said Circuit Court from which the writ issued.

As to the first ground set forth in the third assignment of error it is stated in the writ " at a Superior Court of the Middle District of Florida, for the County of Leon, begun and held at the Court House in the city of Tallahassee on Monday the 14th day of November, 1842, and continued till and after Monday the 21st November, 1842, a certain Joseph F. C. Harley on the said 21st November, 1842, by the consideration of said Court recovered against one David Brown a judgment for," &c.

The existence of the Superior Courts under the Territorial Government of Florida, their powers as Courts of general jurisdiction, and the transfer of all causes civil and criminal pending in the Superior Courts to the Circuit Courts, for the counties in which such cases may be so pending, together with all papers connected therewith or relating thereto, are parts of the legal and judicial history of the country of which the Courts will take notice, as well also as the authority vested in the Circuit Courts, to proceed in all such causes. The Superior Court which rendered the judgment was a Court of record of general jurisdiction. It is alleged in the writ as before set forth that the plaintiff by the consideration of said Court, recovered against the defendant a judgment, &c. It is a presump-

David Brown, *vs.* Joseph F. C. Harley.

tion of law, that everything done in a Court of record of general jurisdiction, is rightly and *regularly* done, unless the contrary appear upon appeal or writ of error, the allegation that judgment was regularly rendered was unnecessary.

The second ground of objection set forth in the third assignment of errors appears to have more weight. After reciting the judgment given in the Superior Court the writ of *scire facias* goes on further to state " and now on behalf of the said Joseph F. C. Harley it hath been understood in the said Court that although the judgment thereof is given, yet execution for, &c., remains to be made, &c."

To what Court is suggestion made, that execution remains to be made of the judgment ? Most clearly to Leon Superior Court—a Court having no existence at the time the suggestion was made, which could then issue no writ whatever, and a suggestion, too, which could furnish no warrant or authority for any proceeding in the Circuit Court. If a declaration had been filed in this case, and had alleged a suggestion to the Superior Court, that execution remained to be made, it would be bad on demurrer, because such a suggestion would not authorize the Circuit Court to order execution. It might be amended by the writ if there was any thing to amend by, but in this case the writ is as bad as the declaration would be. The judgment (rendered in this case) was by default. It was incumbent on the plaintiff to proceed on a valid writ. A majority of the Court think the writ is defective.

The judgment is not a judgment for execution, but for a specific sum in damages as prayed in the writ, and for costs also in this proceeding. This is clearly error.

The judgment should have been, " Let execution issue, according to the force, form, and effect of the judgment aforesaid, by default of the said D. B., defendant." 2 Sellon's Practice, 50.

The judgment of the Court below is therefore reversed, and the writ dismissed without prejudice to any future action of the plaintiff on his original judgment.

David Brown, *vs.* Joseph F. C. Harley.

BALTZELL, Justice, dissenting :

The objection which has occasioned the reversal of the judgment and dismissal of the writ in this case is to the words ' the said Court' which are construed to mean the Superior Court.   The precedent in Chitty will be found to be as follows :   ' And now on behalf of the said A. B. in our said Court before us, we have been informed, &c.' The variance would seem to be in the use of the word *the* for *our*, whilst the substitution of the latter in the writ would have obviated the difficulty.

We are at a loss, however, for the rule that confines the construction of an instrument to one word or a part of a sentence.   The cardinal rule for construing all instruments is that the whole is to be viewed and compared in all its parts, so that every part of it may be made consistent and effectual.   In case of difficulty in the construction, there certainly is greater reason for rejecting a word as repugnant and insensible, than for a disregard of the remainder of the sentence, or of the writing.   In the case under consideration there would be no unusual stretch in construing the words " *the said*" to refer to the Circuit Courts even if Superior had been the antecedent. Courts are not tied down to the grammar of sentences or writings as to their construction but will control even the literal terms, if they contravene the main purpose and object.   One of the rules is that a construction is to be avoided which will defeat the instrument —*ut res magis valeat quam pereat*.   So also a construction which is against reason, is to be avoided.   Now the Superior Court is admitted not to have been in existence, so that there could have been no thought of application to it any more than if the name of a dead man had been used.

But looking to the entire sentence we submit, with deference, that every difficulty is avoided.   After the quotation of the Court " yet execution for the damages still remains to be made," &c., it continues,  " wherefore the said Harley hath *besought* that a *proper remedy* be granted in this behalf."

Of whom was this asked—to whom was the application made ? Most clearly the Circuit Court as the very writ itself shews in commanding the party *to* appear in the Circuit Court and shew cause, &c.

Admitting that there was a mistake as alleged, the inquiry arises was it material, the Court say it was, and that a demurrer would lie

for such defect. We do not so understand the law. It is a *suggestion*, not an allegation that is complained of, a suggestion to the wrong Court. Now we propose to show that this suggestion was not necessary, and that the allegation 'that execution still remains' was sufficient without it to sustain the writ.

"A writ of *scire facias* to revive a judgment, may issue of course at any time within seven years from the date of the judgment without application to the Court." Tidd's Prac., 1156.

A *scire facias* on a judgment after a year and a day states the judgment recovered by plaintiff, and the Court in which it was obtained. It then states that although judgment be thereupon given yet execution of the debt, &c., still remains to be made. 2 Tidd, 1157.

The test is whether plaintiff would be required to prove the suggestion, or defendant could put it in issue or controvert it. Most clearly not. It was then matter not of substance but of form, and might be rejected as surplusage. 1 Chitty, 232.

Whilst we think the decision clearly against general principles we hold it to be against statutory provisions also. Referring to the record we find the *præcipe* to this effect.

"JOSEPH F. C. HARLEY,
    *vs.*     } In Leon Circuit Court.
DAVID BROWN.

The Clerk will issue a *scire facias* to revive the judgment which was rendered in the above case on the 21st of Nov., 1842, dated April 4, 1846."

It was not then the fault of the plaintiff that the word *the* was put in place of *our* in the writ, or that a mistake was made. Now the Supreme Court has held in the case of the Union Bank of Florida, *vs.* Edwards, the English statutes of Jeofails in force. 1 Florida Rep., 153.

One of these provides that "no process shall be annulled or discontinued for the misprison of the Clerks in writing one syllable, or letter, or word too much or too little, but as soon as the mistake is perceived it shall be amended in due form. And the justice before whom the record is made, or shall be depending by way of error, or otherwise, may amend the same as well after as before judgment, in the same manner as they might have done by the above statute before judgment."

"So the Court may amend whatever to them seemeth to be the mis-

David Brown, *vs.* Joseph F. C. Harley.

prison of the Clerks in any record, process, word, plea, warrant of at-
torney, writ, panel, or return, which may for the time be before them
so that no judgment shall be reversed by reason of such misprison."
8 H. 6, C. 12.   9 H. 5, C. 4.   2 Arch. Prac., 1115.

" The  Courts  have  power  of  amending  a *scire facias*  for  any
misprison  of  the  Clerks  by  Stat.  8 H.  6,  C.  12,  already mentioned,
that statute expressly including writs."   2· Arch.  Prac., 1133.

"Although the omissions, variances and defects, by 16 and 17 Car.
are required to be amended, the benefit of the act is attained by the
Court overlooking the exception."  2 Tidd, 960.   2 Strange, 1011.

But again the ordinary process for the commencement of a suit
is by way of summons to answer in an action on the case or trespass,
&c.   Now although this gives him not the slightest information of
the nature of the charge against him, it has yet been held sufficient
by the Courts for centuries.   Can it be that greater precision, more
definite allegation is required at the end, after a party has obtained
his judgment for leave to issue his execution ?   There is no reason
indeed why on mere motion and notice to the defendant a plaintiff
should not have this permission without putting him to the expense
of a new suit and a requisition of strictly formal allegations and sug-
gestions.

The  course of the Courts of the  present day everywhere (and
such has been hitherto that of this Court,) has been to relax and to
discountenance objections of mere form.   In this case the defendant
appeared by attorney, and took a rule on the plaintiff to file a declar-
ation, this shews that he was not misled by the suggestion of the wrong
Court, this of itself was  sufficient  to cover any defect of the writ.
Nor is there a  pretext that he has any defence or valid objection to
the application.

For  these reasons I hold that the  judgment  of the Circuit Court
should  have  been affirmed, and have to express my regret that a
suitor after two years of fruitless toil and effort to get leave from
the Court to have execution in a case of admitted right on a judg-
ment, without any fault of his, with all the expense of this Court,
and the Court below, has his suit dismissed, and is to be subjected to
the expense, trouble and delay, of another suit before he obtains his
rights.