Mr. Justice Wells
delivered the opinion of the Court.
Mr. Ch. J. Murray and Mr. J. Heydeneeldt concurred.
The appellant was indicted for murder by the Grand Jury of Trinity County, and the indictment was transmitted by the Clerk of the Court of Sessions to the District Court for said county. In the District Court, the defendant moved to set aside the indictment:
1st.. Because the grand jury had no other proof before them, except the depositions of the witnesses taken by the Committing Magistrate, the witnesses themselves being within the county, but not having been called before the grand jury.
2d. Because the grand jury was not drawn and summoned at a regular session of the Court of Sessions, nor was any notice given of such drawing.
The Court overruled the motion and the defendant excepted.
No regular panel, fon a trial jury having bean drawn and *225 summoned, as required by law, for that term, tbe Court ordered thirty-six jurors to be summoned, wbieb was done, and twenty-seven of them appearing, tbe Court caused tbeir names to be placed in a box, of which twelve were drawn, to constitute tbe trial jury. Tbe defendant challenged tbe whole panel, on tbe ground that tbe Court bad no power:
1st. To cause a jury to be summoned under tbe circumstances; nor,
2d. To select twelve out of tbe twenty seven by ballot, to compose tbe trial jury.
But tbe Court overruled-the challenge, and the defendant excepted.
The defendant was convicted, and has appealed to this Court.
. *The first ground assigned as error is, that the [225] Court refused to set aside tbe indictment, which, it is insisted, was not found indorsed and presented in tbe manner prescribed in tbe Act (section 278), and this is predicated upon tbe assumption that tbe indictment was found solely on tbe depositions of witnesses taken before tbo committing magistrate, while such witnesses were then present in tbe county, and could have been called upon to testify; and it is said, that in a case involving life and liberty, the' humane rule of law, that tbe accused should have tbe right to confront bis accuser, should apply. Tbe answer is direct and conclusive. It does not satisfactorily appear from tbe record, that such is tbe fact, and even if it were, tbe objection could not avail. Tbe grand jury is a secret, as well as a legal tribunal. But tbe accused never appears before it. His right to confront bis accuser is preserved upon bis trial, where be has every opportunity to examine tbe demeanor of tbe witnesses and to subject them to cross-examination; it matters not, therefore, whether tbe grand jury find tbeir bill upon depositions or upon the oral testimony of witnesses; it does not affect tbe rights of tbe prisoner in any way; and I am of tbe opinion, upon examination *226 of the statutes, that it was the intention of the law-makers to admit the depositions of witnesses taken before a magistrate upon a criminal charge, to be used before a grand jury. Such is the construction which must be given to section 278 of the Act, when considered together with sections 209 and 210 of the same statute.
The second point raised by the appellant is founded upon the exception raised to the trial jury, and we are referred to the statutes of 1852, p. 107, prescribing how jurors are to be selected and impaneled. The exception is not well taken. By reference to section 16, page 355, Compiled Laws, it will be found that full power is conferred upon the Court to enter such an order as was entered in this case. It provides that, “When from any cause, it shall become necessary during the term, the Court may order the Sheriff to summon, either immediately or for a day fixed, from the citizens of the county, but not from the bystanders, [226] a sufficient number of persons to * complete the trial jury, or form a new trial jury, as the case may be.”
The next objection proposed by the appellant is that the indictment was not properly certified from the Court of Sessions to the District Court. This is not supported by any disclosure of the proceedings in the case on the record before us; and even should the fact be as stated, we would still adhere to the opinion delivered in the case of The People v. Thompson, at this term, post 238, for a like capital offense, by the Chief Justice, wherein he says:
“It is said the indictment was not transferred from the Court of Sessions to the District Court, in the manner pointed out by the statute.
“This objection was not taken upon the trial, and if it had been, we do not think it would have been material. The Court would have cured the error, by directing the Clerk to indorse the same.
• “The 309th section of the Act Regulating Criminal Proceedings, provides: ‘When an indictment is found in the Court of Sessions for murder, manslaughter, etc., it shall *227 be transmitted by tbe Clerk to tbe District Court, sitting in tbe county, for trial, except,’ etc.
“The Clerk of tbe District Court is, by law, tbe Clerk of tbe Court of Sessions, and tbe indictment found in tbe District Court, in tbe possession of tbe proper officers, would not be invalidated, because not indorsed by himself, as Clerk of another Court. Tbe intention of tbe statute was simply to point out tbe place where indictments for a certain character of offenses should be kept, and were triable. ”
Another point insisted upon is, that it does not appear from record that tbe defendant was present at the trial, or at tbe rendition of tbe verdict. We think that sufficient is disclosed by tbe record to show that this, like many other points, is merely technical and evasive, to enable tbe accused to go unwbipt of justice.
Tbe language of tbe Judge, when passing sentence, and to which no exception was taken, is a strong circumstantial proof to confirm tbe presumption that tbe defendant was present, and *that all tbe legal forms required [227] were strictly complied with. If they were not- — if tbe prisoner was absent at tbe time of trial, or tbe rendition of tbe verdict, or tbe passing of tbe sentence, be bad an abundant opportunity to prove it, and should have done so.
From a careful examination of tbe whole case, we have no reason to doubt that tbe defendant bad a fair trial; that tbe Court and jury performed their responsible duties in a lawful manner, and that tbe verdict is correct. Tbe objections urged with great skill and ingenuity on tbe appeal have failed to satisfy us that there is any error in tbe judgment, and it must, therefore, be affirmed.