| | |
|---|---|
| 11a | 459 |
| 84 | 11 |
| 11a | 459 |
| 93 | 742 |
| 11a | 459 |
| 100 | 722 |
| 11a | 459 |
| 105 | 696 |
| 11 | 459 |
| Case 1 | |
| f134 | 447 |

## BLACK V. STRUTHERS.

1. VARIANCE. The plaintiff in his petition claimed on a special contract with the defendant, and the evidence showed that the contract was

entered into by the defendant and another as co-partners. It was held that the variance was material and the plaintiff was not entitled to recover.

2. SURVIVING PARTNER. When one co-partner is dead, actions on demands against the co-partnership should be brought against the surviving partner as such.

*Appeal from Lee District Conrt.*

MONDAY, APRIL 15.

THE facts of this case will sufficiently appear in the opinion of the court.

*F. Semple* for the appellant.

An action cannot be maintained on a joint contract against one of the joint obligors; neither can an action be maintained on such an instrument by one of several joint obligees. 1 Greenl. Ev. section 50, 64; Abb. Pl. & F. 466; Bouv. Law Dic. 620; *Roop* v. *Seaton,* 4 G. Greene 252.

*J. M. Beck* for the appellee.

LOWE, C. J.—The plaintiff declares upon a special contract entered into with the defendant alone, under which it is alleged he received fifteen hundred pounds of wool, the property of the plaintiff, and agreed to sell and dispose of the same, and account to plaintiff for the proceeds, amounting to some $600, the sale of which he had effected but made default in accounting for the same. The defendant denying the indebtedness, it was proved on the trial, by the plaintiff himself, that he was a tenant under the defendant and one Samuel Brownlee; occupied a farm belonging to them, and had the charge and care of a flock of sheep owned by them in partnership, and entered into a contract with them, as partners, to the effect that in consideration that he, the plaintiff, would prepare the wool for shipping, and deliver it in bulk at the Mississippi river, and ship it to Ewing & Co. of

Pittsburg, Pennsylvania, the defendant and said Brownlee, as partners, were to market the same, and pay to plaintiff one half of the proceeds thereof. Other proof was made in regard to the amount of the sales, and the jury returned a verdict for one hundred and forty-six dollars.

Upon this state of the case, on the trial, the defendant asked the court to instruct the jury, "that if they should find from the evidence that the wool had been consigned to Struthers & Brownlee as partners, and not to Struthers alone, plaintiff could not recover against Struthers." This instruction was refused, exceptions taken, and the action of the court in this particular assigned as error. A motion for a new trial on the ground that the verdict was not warranted by the evidence was overruled, and made the cause of error also.

It will be observed that between the special contract set forth in the petition and the one which the plaintiff proved on trial there was an essential and important variance, which would have justified the giving of the above instruction, although rather ambiguously drawn; and especially do we think the motion for a new trial should have been granted. It is true that it appeared in evidence that Brownlee had departed this life before the institution of this suit, still the defendant Struthers should have been sued as the surviving partner, and the contract described as made with the firm, so that the defendant could have used the judgment as evidence against the estate of Brownlee, for contribution; and also pleaded the same in bar to a subsequent suit for the same claim.

Reversed.