C. A. SENDOYA, *Plaintiff in Error*, v. CHATTANOOGA BREWING COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed March 14, 1917.

1. The plea of accord and satisfaction to be effective must be supported by a new contract expressed or implied between the same parties to the original agreement, and the last contract must be executed to have the effect of satisfaction.

2. Where a payment is made on a judgment and it is not shown to have been made in accord and satisfaction of the the judgment, but there is evidence that a payment merely was made on a judgment, a directed verdict for the plaintiff on an issue of accord and satisfaction made by the defendant, is proper.

3. The transfer by law of a county from one Judicial Circuit to another does not affect the validity of judgments obtained in the county or proceedings thereon.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*J. T. Watson, Jr.*, for Plaintiff in Error;

*E. B. Drumright*, for Defendant in Error.

WHITFIELD,ᵉ J—The following writ of *scire facias* was issued:

"Chattanooga Brewing Co., a corp.

vs.

Serafin Montiel and C. A. Sendoya,
  co-partners doing business as
    Montiel & Sendoya.

"*In the Name of the State of Florida*:

  "To the Sheriff of Hillsborough County, *Greetings*:

  "WHEREAS, The Chattanooga Brewing Company, a. corporation, heretofore in our Circuit Court for the said County of Hillsborough, on the 23rd day of June, 1909, by the consideration and judgment of the same court recovered against Serafin Montiel and C. A. Sendoya in a certain action of assumpsit, suit on note, the sum of $943.42, and also the cost of said plaintiff in that behalf and taxed the sum of $5.58, whereof the said Serafin Montiel and C. A. Sendoya, co-partners as Montiel & Sendoya, were convicted, as appears to us of record; and now on behalf of the said Chattanooga Brewing Company we have been informed that although judgment was given as aforesaid yet execution for the damages and costs aforesaid still remains to be made to it, the said plaintiff, whereof the said Chattanooga Brewing Company has sought to provide a proper remedy in this behalf. We do therefore command you, as you have many times heretofore been commanded, that you make known to the said Serafin Montiel and C. A. Sendoya that they be before our said Circuit Court for Hillsborough County, at the court-house in Tampa, Florida, in the County aforesaid, on the first Monday in March next, to show cause, if any they have, why the said Chattanooga Brewing Company ought not to have execution against them for the damages and costs aforesaid according to the

form and effect of the said recovery. And have you there then this writ.

"Witness W. P. Culbreath, Clerk of our Circuit Court, and the seal thereof at Tampa, Florida, aforesaid, this 10th day of February, 1916.

"W. P. Culbreath, Clerk Circuit Court.
"By Helen Irsch, D. C.
"(Seal.)
"Service accepted on behalf of C. Sendoya, Feb. 10, 1916.
"J. T. Watson, Jr., Attorney."

A plea was filed as follows:

"And now comes the defendant, C. A. Sendoya, in the above entitled cause, and for plea to the pluries writ of scire facias which has been issued therein, says that after the issuance of the judgment described in said writ, and before the commencement of this reviver proceeding, the plaintiff, Chattanooga Brewing Company, in a certain stipulation and agreement between counsel representing several judgment creditors of the late firm of Montiel & Sendoya, through its attorney, one F. M. Simonton, accepted a payment in full accord and satisfaction of the said judgment which is by said writ sought to be re-vived, the amount paid under said agreement and ac-cepted as aforesaid by said plaintiff being to this defend-ant unknown, all of which the said defendant stands ready to verify; wherefore, he prays judgment of the court."

At the trial the jury under instruction from the court rendered the following verdict:

"We, the jury, find in favor of the plaintiff and against the defendants, and that the judgment upon which the *scire facias* herein issued has not been satisfied or dis-charged, and that the amount of two hundred forty-three

and 62/100 dollars has been paid thereon as of the date of January 10th, 1910. So say we all."

On writ of error taken by the defendant C. A. Sendoya, it is contended that the defendant's plea of accord and satisfaction was proven; that the judgment was rendered in Hillsborough County in the Sixth Judicial Circuit while the order herein was made in Hillsborough County in the Thirteenth Judicial Circuit and the execution is to issue on the original judgment of the Sixth Judicial Circuit; that 'the verdict does not follow the issues and that the judgment rendered is bad in form and in substance.

The plea of accord and satisfaction to be effective must be supported by a new contract expressed or implied between the same parties to the original agreement, and the last contract must be executed to have the effect of satisfaction. Sanford v. Abrams, 24 Fla. 181, 2 South. Rep. 373.

There is evidence that a payment as found was made on the judgment and the finding is not contrary to but is in accord with the entire evidence. Jordan v. Maxwell, 62 Fla. 236, 56 South. Rep. 946. The facts that the firm of Montiel & Sendoya was insolvent and had dissolved, and that the defendant Sendoya was at the time insolvent are immaterial and there is no agreement or binding circumstance shown making the payment on the judgment an accord and satisfaction. This being so a directed verdict was proper. Hillsborough County was in the Sixth Judicial Circuit and is now in the Thirteenth Judicial Circuit; but this does not affect the validity of this proceeding or the legality and propriety of the judgment or the execution to be issued in the premises. The verdict is a substantial determination of the issue presented and the judgment is not fatally defec-

tive if not entirely appropriate and proper in form and substance.    See Brown v. Harley, 2 Fla. 159.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, SHACKLEFORD, AND ELLIS, JJ., concur.