Buford, J.
 

 The plaintiff in error sued the defendant in error for the payments of certain notes which had been given to secure the payment of a part of the purchase price of a certain parcel of land in Palm Beach County. The makers of the notes, and a mortgage to secure the same, had sold the property to one H. P. Gray and one F. Ziegfeld. The deed conveying the property to Gray and Ziegfeld contained the following provision:
 

 “By the acceptance of this deed the grantees herein hereby assume and agree to pay that certain mortgage dated the 29th day of June A. D. 1925, given by William B. Gray and Sarah E. G; Gray, his wife, to Joseph G. Nelson to secure the payment of three (3) certain promissory notes, two of said notes being
 
 *1435
 
 for the sum of Six Thousand Six Hundred and Sixty-six Dollars and Sixty-seven cents ($6,666.67), and the third of said notes being for the sum of Six Thousand Six Hundred Sixty-six Dollars and Sixty-six cents ($6,666.66), the said notes being due and payable one (1) two (2) and three (3) years from the date thereof respectively. Each of said notes to bear interest at the rate of eight per cent (8%) per annum payable semi-annually. ’ ’
 

 The declaration was based upon the contract consisting of the notes, mortgage and stipulations contained in the deed and alleged the liability of Ziegfeld and his failure to pay.
 

 The case was tried on the declaration and plea No. 1, which was as follows:
 

 "For a first plea to the plaintiff’s declaration, this defendant says that he did not promise as alleged, ’ ’
 

 and the second amended plea, which was as follows:
 

 "Second: That before action he discharged and satisfied the plaintiff’s claim by payment.
 

 "Third: That heretofore, on to-wit, subsequent to the twenty-ninth day of December, A. D. 1927, the agent of this defendant approached the plaintiff, Nellie M. Hearns Nelson, stating to the said plaintiff that the amount already paid on the principal and interest' on the promissory notes and causes of action set forth in plaintiff’s Declaration was much more than a fair rental value on the lands described in that certain mortgage deed in plaintiff’s Declaration mentioned, during the time this defendant was in posses
 
 *1436
 
 sion thereof, and was acknowledged so to be by the said plaintiff Nellie M. Kearns Nelson, she expressing herself as satisfied with her bargain, provided she got back the title t'o the lands, and retained the amounts paid, and that in line therewith the said agent of this defendant, F. Ziegfeld, proposed to the plaintiff Nellie M. Kearns Nelson, that this defendant would return the possession of the land over to the plaintiff herein, and execute unto- the plaintiff, and secure the execution by the other parties interested in said transaction, a quitclaim deed to the premises before the foreclosure thereof, so that she could retain tenants and secure others on the premises, in consideration of her releasing the said defendant F. Ziegfeld from any and all personal liability, on account of any balance due on the' said promissory notes and/or causes of action in plah/tiff’s Declaration mentioned; that this proposition was unconditionally accepted by the plaintiff, Nellie M. Kearns Nelson, and the possession of the premises heretofore referred to was delivered to the plaintiff immediately, without foreclosure proceedings, and that she, the said plaintiff, then and there went into possession of the same, exercising dominion thereover, and has since said date collected the incomes, rents and profits thereof; that the agent of this defendant, prior to securing said quitclaim deed, and within a reasonable time thereafter, was notified that suit had been instituted on the causes of action heretofore mentioned; that this defendant and the other parties interested in said lands are now, as then, ready, willing and able to deed said lands to the plaintiff, and that he, the said defendant herein, F. Ziegfeld, was thereby released and discharged from any and all liabilities, under that certain assumption agreement, the promissory notes
 
 *1437
 
 and/or cause of action in plaintiff’s Declaration set forth.
 

 ‘ ‘ Fourth: That the plaintiff at the commencement of this suit was and still is indebted to the defendant F. Ziegfeld in an amount equal to the plaintiff’s claim for that under the agreement aforesaid, set forth in the foregoing plea, the plaintiff entered into possession of the said premises, and has since collected the incomes, rents and profits therefrom, and converted the same to her use, which amount the defendant is willing to set off against the plaintiff’s claim.”
 

 A verdict was rendered for the defendant.
 

 There was a motion for a new trial and, the same being denied, judgment was entered for the defendant and writ of error was sued out.
 

 The second plea was in effect a plea of accord and satisfaction.
 

 We have carefully read the testimony as shown by the bill of exceptions contained in the transcript of record, and have considered the argument of counsel contained in the briefs. The notes in question were made payable to Nellie M. Kearns Nelson. The record shows that she was the wife of Joseph G. Nelson. We find no evidence in the record that Joseph G. Nelson, husband of Nellie M. Kearns Nelson, ever took possession of, or assumed management and control of the • notes and mortgage which were the property of his wife. There is some evidence that the husband under an agreement of some sort took possession of the real estate described in the mortgage at a time when the title was not in his wife, but when the title was in the defendant and others.
 

 The evidence shows conclusively that' the obligation evidenced by the notes and mortgage was not paid. There is some evidence that the husband orally agreed to accept
 
 *1438
 
 a reconveyance of the property in satisfaction of the obligation, but there is no evidence that he ever did actually accept such reconveyance in satisfaction of the obligation, nor that he entered into any contract so to do which would be binding upon the wife, the owner and holder of the notes and mortgage.
 

 There is a total absence of evidence to prove satisfaction and to this extent the defendant failed to prove his plea and, therefore, the charges given by the Court as to the legal effect of accord and satisfaction were erroneously given.
 

 Judgment for the defendant, however, was entirely proper. The record shows that at the close of the plaintiff’s testimony there was a motion for a directed verdict on the ground that the plaintiff had not made a. case against the defendant. The motion for a directed verdict should have been granted.
 

 The Declaration and proof show that the obligation upon which suit was brought was the joint obligation of H. P. Gray and F. Ziegfeld. The obligation being joint, the action to enforce the obligation must be joint. Proof of a joint obligation will not support an action against one of the joint obligors wherein the plaintiff alleges a several or single liability against such joint obligor. 11 Standard Encyclopedia of Procedure, paragraph 2, page 1049; Stearns v. Martin, 4 Cal. 227; Jordan v. Reed, 77 N. J. L. 584, 71 Atl. R. 280; Wright v. Gilbert, 51 Md. 146; Black v. Struthers, 11 Iowa 459; Jonas v. Burkes 87 Fla. 68, 99 So. R. 252; Crackowaner et al., v. Carlton National Bank, 98 Fla. 792, 124 So. R. 275, and cases there cited.
 

 It, therefore, appears that such error as may have been committed by the court was harmless error and the judgment should be affirmed. It is so ordered.
 

 Affirmed.
 

 
 *1439
 
 Terrell, C. J., and Whitfield, Ellis and Brown, J. J., concur.
 

 Strum, J., concurs specially.