O. B. KLINE, *Plaintiff in Error*, vs. THE EUGENE BERNING-HAUS COMPANY, a corporation, *Defendant in Error*.

135 So. 837.

En Banc.

Opinion filed July 7, 1931.

*Snedigar & Baya,* for Plaintiff in Error;

*Shutts & Bowen,* for Defendant in Error.

BUFORD, C.J.—The defendant in error was plaintiff in the court below and sued the plaintiff in error, defendant in court below, to enforce payment of three promissory notes dated February 8, 1926, the first note being for $2580.31 due 30 days after date; the second note was for $2580.30 due 60 days after date and the third note was for $2580.30 due 90 days after date.

The defendant filed six pleas, all of which were demurred to and the demurrer sustained. The 1st, 2nd, 3rd and 6th pleas attempted to set up a total want of consideration. Plea No. 4 attempted to plead accord and satisfaction and the 5th plea attempted to plead failure of consideration. The 1st, 2nd, 3rd and 6th pleas were insufficient when tested by the rule as stated by Mr. Justice West in the opinion in the case of Forbes vs. Fort Lauderdale Mercantile Co., 83 Fla. 66, 90 Sou. 821, wherein it is said:

"The general averment that the note was given without consideration, in the absence of additional averments of facts or circumstances connected with the transaction

showing want of consideration, may be disregarded because wholly insufficient as a plea of want of consideration. Ahren & Hyer vs. Willis, 6 Fla. 359. The facts and circumstances set out in the plea do not support the general averment of want of consideration. While admitting that defendant made and delivered to the plaintiff the note sued on, it attempts to set up as a defense to the action an independent, contemporaneous parol agreement between the maker and payee to the effect that the note should not be binding and enforceable against defendant, the maker, and exempting him from any liability thereon. It contradicts the solemn, formal engagement of defendant in writing to pay unconditionally to plaintiff a definite sum of money at a given future time.''

See also Sparks Enterprises, Inc. vs. Christman, 95 Fla. 928, 117 Sou. 388.

The 4th plea was insufficient as a plea of accord and satisfaction because it is not alleged in such plea that the plaintiff in the court below on a new and binding contract agreed to release the defendant in the court below from his obligation evidenced by the notes sued on. A plea of accord and satisfaction, to be effective must be supported by a new contract expressed or implied between the same parties to the original agreement and the last contract must be executed to have the effect of satisfaction. Sanford vs. Abrams, 24 Fla. 181, 2 Sou. 373; Seydoya vs. Chattanooga Brewing Co., 73 Fla. 648, 74 Sou. 801.

The 5th plea was insufficient for the same reasons that the 1st, 2nd, 3rd and 6th pleas were insufficient. See Forbes vs. Fort Lauderdale Mercantile Co., supra.

Amended pleas numbered 1, 2, 3 and 4 were filed. The amended pleas numbered 1 and 2 were conclusions of the pleader and set up no allegations of fact. The amended pleas numbered 3 and 4 were to all intents and purposes the same as the original pleas numbered 1, 2, 3 and 6, except that the plea numbered 4 attempts to set up as a further defense that the notes were produced

by fraud. This plea is found fatally defective when measured by another rule stated in Forbes vs. Fort Lauderdale Mercantile Co., supra, as follows:

"Where fraud is relied upon in any pleading, facts constituting such fraud should be specially pleaded and the allegations or averments with respect thereto should be specific. If this is not done such pleading will be held insufficient and upon motion will be stricken."

There is an assignment of error based upon the action of the court in sustaining demurrer of the plaintiff to the second amended pleas of the defendant. Neither second amended pleas nor demurrer thereto appear in the record.

The fourth assignment of error is addressed to the action of the court in denying defendant's motion to file what was termed Third Amended Pleas numbered 1st, 2nd and 3rd. Each of these pleas was insufficient to set up a defense because of the same deficiencies that existed in the former pleas to which demurrer had been sustained and, therefore, the court committed no error in denying defendant's motion to file the same.

The judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., (Dissenting in part) :—I am inclined to the opinion that amended pleas 3 and 4 presented a good defense.