### ETTA C. MANN v. JOSEPH ETCHELLS

182 So. 198.
Division B.
Opinion Filed April 14, 1938.
Rehearing Denied June 4, 1938.

410

*E. H. Wilkerson,* for Plaintiff in Error;
*Buie & Hippler,* for Defendant in Error.

CHAPMAN, J.—This cause is here on writ of error to a final judgment entered in behalf of the defendant by the Circuit Court of Lake County, Florida. The instrument sued on was a promissory note representing the balance due on the purchase price of certain property located in Lake County, Florida. The agreed purchase price of the

property was the sum of $4,500.00. The sum of $3,500.00 had been paid, leaving the amount of the note in the sum of $1,000.00 unpaid. The maker of the note entered into an agreement with the mortgagee to reconvey the property to him for and in consideration of the $1,000.00 unpaid on the property, thereby taking a loss in the approximate sum of $3,500.00. It seems that a deed was left at a bank at Eustis, where the mortgagee was to leave the purchase price mortgage and note sued upon herein and get the deed to the property. Some taxes had accumulated against the property and the mortgagee wanted these taxes paid by the maker of the note prior to acceptance of the deed and delivery of the note sued upon. This defense was interposed in the way of a plea to the action on the note. Under appropriate instructions by the Court on the issues tendered, a verdict was rendered and judgment entered for the defendant. We fail to find error in the record and the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

ON PETITION FOR REHEARING

CHAPMAN, J.—On petition for rehearing it is contended that plea number 2 of the defendant filed March 10, 1936, and the replication of the plaintiff thereto filed on March 30, 1936, viz:—

"2. For a further plea this defendant says, that it is true that he executed the note mentioned along with his wife, Marilla G. Etchells, and agreed to pay the sum of money mentioned therein, but that in order to secure the payment thereof, he, together with his wife, executed and delivered to the plaintiff a mortgage securing the payment of the indebtedness evidenced by said note, which said mort-

gage covered property in Lake County, Florida, described as follows, to-wit: 'Begin at the NORTHWEST corner of Block TWENTY-SIX, according to Clifford's Division of the Town of Eustis, run thence East 97 1/6 feet, run thence South 118 feet, run thence West 97 1/6 feet, run thence North 118 feet to the point of beginning' and that same was a purchase money mortgage being in the sum of One Thousand ($1,000.00) Dollars, and dated October 24th, 1925, and securing the note aforementioned of the same date. Plaintiff says that the total purchase price of the property was the sum of Forty-five Hundred ($4500.00) Dollars, of which said sum Thirty-five Hundred Dollars was paid prior to the execution of the note and mortgage securing same. Plaintiff further says that subsequent to execution of the note and mortgage securing same, that he entered into an Agreement with the plaintiff and her then husband, Abram Mann, whereby they agreed that if said Joseph Etchells and wife, would execute and deliver to said Abram Mann and wife, at the First State Bank of Eustis, Florida, a good and sufficient Warranty Deed, conveying said property to them, excepting taxes, and deliver possession of the property to plaintiff and her then husband, now deceased, they would satisfy said indebtedness sued upon in this cause, and cancel and surrender the note and mortgage securing same. Defendant says that in accordance with said agreement and on to-wit: January 6th, 1933, he joined by his wife did convey by Warranty Deed the property aforementioned to Abram Mann and wife, Etta G. Mann, and placed same in the Bank aforementioned in full and complete satisfaction of the indebtedness sued on in this cause and at the said time delivered to plaintiff and her then husband, now deceased, said property. That the plaintiff and her then husband did enter into and take possession of the property and have continued since said time to hold possession thereof,

collect the rents, they having rented same to divers persons and either plaintiff or her husband, now deceased, have since said time held and exercised ownership and possession thereof. Defendant says that said deed aforesaid and so placed in the Bank and the delivery of possession of said property was given in full accordance with the agreement aforementioned and in full satisfaction of the note sued upon and the mortgage securing same, but that the plaintiff has failed and refused to satisfy same of record."

"For a reply to the plea numbered '2' filed in said cause by the defendant the plaintiff in said cause says that the defendant has never entered into any agreement with either the plaintiff in this cause or said plaintiff and her then husband, Abram Mann, whereby either she or they agreed that if Joseph Etchells and his wife would execute and deliver to said Abram Mann and said plaintiff at the First State Bank of Eustis, Florida, good and sufficient warranty deed conveying said property to the plaintiff and her deceased husband, excepting taxes, and deliver possession of the property in said plea referred to to plaintiff and her then husband that she and her then husband would satisfy the indebtedness sued upon in this cause nor that they would cancel and surrender the note and mortgage securing same. Said plaintiff further says that the defendant did not in accordance with any such agreement either on January 6th, 1933, or at any other time, joined by his wife or otherwise, convey by Warranty Deed the property in said plea mentioned to Abram Mann and wife, Etta G. Mann, and place same in the bank aforementioned in full and complete satisfaction of the indebtedness sued upon in this cause nor has the defendant ever delivered to the plaintiff and her deceased husband said property and the plaintiff and her deceased husband never have entered into and taken possession of the property nor have they continued since that

time to hold possession of said property nor have they ever exercised ownership or possession of such property nor has any Deed ever been placed in said bank, nor has any delivery of the possession of such property ever been given, in full accordance with any agreement either in full satisfaction of said note sued upon nor in satisfaction of the mortgage securing same and it is true that the plaintiff has failed and refused to satisfy same of record." — were not only insufficient in law but the facts adduced at the trial did not support the plea and these material questions were overlooked in the original opinion. A plea of accord and satisfaction is fully set out in the case of Nelson v. Ziegfeld, 100 Fla. 1433, at text pages 1435-7, 131 So. 316. The plea of accord and satisfaction in the case at bar is modeled largely after the one appearing in Nelson v. Ziegfeld, *supra,* and the material allegations of the plea are sufficient in law and submits, if sustained by the evidence, a good defense to the action. See Sanford v. Abrams, 24 Fla. 181, 2 So. 373; Kline v. Eugene Berninghaus Co., 102 Fla. 362. 135 So. 837; Sendoya v. Chattanooga Brewing Co., 73 Fla. 648, 74 So. 801; Sapp v. Atlantic Natl. Bank of Jacksonville, 105 Fla. 507, 141 So. 605.

Let us examine the facts offered in support of the plea. On page 9 of the transcript is a letter signed by the plaintiffs adddressed to the defendants and is viz.:

"Eustis, Fla., May 1, 1933.

"Mr. and Mrs. Joseph Etchells,

"Dear People—

"As this is the first of May I am reminded that you will soon be leaving for the North. The object of this letter is to notify you that we are now in a position to give you satisfaction of the mortgage (without interest) on the same providing you can give us the deed with a clear tax title.

We have a project on foot whereby we can dispose of this property providing we can give a clear title as this offer made us is satisfaction of deed and title without any money down. It places us in a position to clear the mortgage claim for you, with an agreement to us for our claim on the property in a satisfactory manner to us. Which leaves us without money to pay any delinquent tax. Wishing that this may meet with satisfaction to you, we remain

"Yours respectfully,

"Etta and Abram Mann."

"Filed in evidence in case of Mann v. Etchells on 8 May 1936 in open court as Deft. exhibit No. 3.

"Geo. J. Dykes, Clerk Circuit Court."

The record shows a deed from the defendant to the plaintiff conveying the land previously purchased in 1925. The defendant bought of the plaintiff the land described in the deed, *supra,* for the sum of $4500.00 and after paying on it from time to time, concluded they were unable to continue their payments. The sum of $3500.00, and interest, was paid, leaving the sum of $1000.00 unpaid, being the note sued upon in this case. The plaintiff, after the receipt of the deed, went into possession of the land and lived upon the property and later rented it to persons, collecting rents thereon, and the possession thereto was surrendered by the defendant to the plaintiff. There is but little conflict in the evidence and the sufficiency thereof was submitted to the jury under the following instruction by the court as to the plea of accord and satisfaction, viz.:

"* * * so the sole issue involved in the suit is the second plea, accord and satisfaction. That is the question you have to determine. The defendant by his plea—which you

can take to your room, if you wish, and read it, claims, that there was an agreemeent between the plaintiff and the defendant made in satisfaction of this note and that he has performed his part of that agreement. Now the burden is upon him to show by a preponderance of the evidence what the agreement was and that he has fully performed his part of the agreement. If you are satisfied by a preponderance of the evidence that the defendant entered into an agreement with the plaintiff, as set out in his plea, and that he fully performed his part of that agreement, then in such case you should find for the defendant, but if the preponderance fails to show you that he fully performed his part of any agreement made between them, if any agreement was made, if you are satisfied from the evidence that he failed to do that, you should find for the plaintiff, the burden being upon the defendant to prove his plea of accord and satisfaction."

The jury found a verdict for the defendant and the lower court considered the sufficiency of the evidence to sustain the verdict on a motion for a new trial presented by the plaintiff below. He thought and believed there was ample evidence to sustain the verdict as found by the jury, as he, by an order under date of June 5, 1936, denied plaintiff's motion for a new trial. · It should be a very plain case to justify an appellate court in setting aside the concurrent conclusion of both court and jury on the ground that their action was contrary to the evidence or weight of evidence. See Schultz v. Pacific Ins. Co., 14 Fla. 73; McMurray v. Basnett, 18 Fla. 609; Alexander v. Rhine, 78 Fla. 313, 82 So. 831.

It is next contended that the evidence was insufficient to sustain the verdict because the note was payable to Abram Mann and Etta G. Mann, husband and wife, and the agreement about acceptance of the deed to the property

for the note sued upon must be agreed to by each of the payees of the note. It is asserted that the note is held by them as an estate by entireties. The cases of Bailey v. Smith, 89 Fla. 303, 103 So. 833; Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 576, are relied upon as authority for this conclusion. We are unable to agree to this conclusion. See Merrill v. Adkins, 131 Fla. 478, 180 So. 41. This Court is bound and controlled by rules in dispatching business before it and certainly is this true as to a petition for a rehearing in a cause. In the case of Atlantic Coast Line R. R. Co. v. City of Lakeland, 94 Fla. 347, text page 375, 115 So. 669, this Court said:

"It might be well to call counsel's attention to the rule by which this Court in controlled in the matter of petitions for rehearing. In the first place, a rehearing is only authorized by rule of the Court and the petition must set forth concisely the particular omission or cause for which the *judgment* is supposed to be erroneous and the petition is not part of the record unless so ordered or rehearing granted. See Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 516, 39 South. Rep. 392.

"It was also said in that case that the proper function of a petition for a rehearing is to present to the Court some point which it overlooked or failed to consider by reason whereof its judgment is erroneous; that a petition that is practically a joinder of issue with the Court as to the correctness of its conclusion upon points in its decision that were expressly considered and passed upon and that reargues the cause in advance of a permit from the Court for such argument is violative of the rule and will be denied without further consideration. See also Finlayson v. Lipscomb, 15 Fla. 558; Jones v. Fox, 23 Fla. 462, 2 South. Rep. 853; Hull v. Burr, 58 Fla. 475, 50 South. Rep. 754; DaCosta v. Dibble, 45 Fla. 237, 33 South. Rep. 466; Malsby v. Gam-

ble, 61 Fla. 327, 54 South. Rep. 766, Stewart v. Preston, 80 Fla. 479, 86 South. Rep. 348; Sauls v. Freeman, 24 Fla. 225, 4 South. Rep. 577; Hart v. Stribling, 25 Fla. 453, 6 South. Rep. 455; Payne v. Ivey, 83 Fla. 436, 93 South. Rep. 143.

"In the latter case this court said, speaking through Mr. Justice Taylor, that a joining of issue with the Court in the application as to the correctness of its conclusions upon points involved in its decisions that were expressly considered and passed upon is a violation of the rule that will cause a dismissal of the application for a rehearing."

The record shows that the plaintiff below sold the defendant the property described in the plea for the sum of $4500.00. The amount was reduced by payment from 1925 to 1933 to the sum of $1000.00. The defendant conveyed the property back, taking a loss in the sum of $3500.00, with interest. The plaintiff was without the profits from the property during this period but at the end of some seven or eight years obtained the identical property and retained the payments of $3500.00 with interest. He sought a judgment for the remaining $1000.00 when the jury rendered a verdict for the defendant. See Payne v. Ivey, 83 Fla. 436, 93 So. 143; Texas Co. v. Davidson, 76 Fla. 478, 80 So. 558. While this Court is subject to all human frailties, the duty and responsibility rests with it not only to administer the law impartially but to see that in all cases right and justice shall prevail.

The lower court was of the opinion that substantial justice was awarded and we have carefully examined the petition for rehearing as well as the entire record and fail to find error. The petition for a rehearing is denied.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.