THE STATE OF FLORIDA, Ex Rel. J. P. ROBERTS, HENRY G. GEESINK and J. C. DAVANT, *Relators*, vs. JOHN U. BIRD, one of the Circuit Judges of the Sixth Judicial Circuit, *Respondent*.

En Banc.

Opinion filed March 24, 1931.

*J. C. Davant*, for Relators;

*Carey & Askew*, for Respondent.

BUFORD, C. J.—In this case a Rule Nisi was issued directed to the Honorable John U. Bird, one of the Judges of the Sixth Judicial Circuit of Florida, commanding him to show cause why writ of prohibition should not be issued prohibiting his assuming jurisdiction in a certain cause pending in the Circuit Court of the State of Florida in and for Pinellas County on the Chancery side of said Court, wherein Warren Webster is complainant and R. W. Scott and, if married Mrs. R. W. Scott, Roy R. Glenn and Fred G. Hollman, Martin Mee, and if married Mrs. Martin Mee, J. P. Roberts, Henry G. Geesink and J. C. Davant are Defendants.

Demurrer and answers have been filed.

The pleadings show that the stated cause was pending in the Circuit Court of the Sixth Judicial Circuit and that decree pro confesso had been entered against all defendants except R. W. Scott. R. W. Scott had appeared in the cause and certain pleadings had been filed in his behalf when, on to-wit, the 22nd day of August, 1930, a stipulation was entered into between counsel for the respective parties then before the court and an order made thereon as follows, to-wit:

''The matters and things involved in the above styled case having been amicably settled and adjusted by and between the parties hereto, it is stipulated and agreed by and between said parties, by their undersigned respective solicitors, that the court may enter its order herein dismissing this case of record.

Carey & Askew
Solicitors for Complainant.
Van Fleet, Collins & Miller
By: Leland S. Collins,
Solicitors for Defendant,
R. W. Scott.

### ORDER

The above styled case coming on to be heard before me upon the foregoing stipulation and the court being fully advised in the premises,

IT IS ORDERED, ADJUDGED AND DECREED That this case be, and the same is hereby dismissed of record.

DONE AND ORDERED at Chambers in St. Petersburg, Florida, this the 22nd day of August, A. D. 1930.

O. L. Dayton
Circuit Judge.''

On the 19th day of September another stipulation made

and entered into by the same attorneys representing the same parties was filed in the following language:

"Come now Complainant and Defendant R. W. Scott, a single man, by their undersigned solicitors and show unto the court:

1. That upon stipulation entered into by and between the same parties as hereto the above styled case was dismissed by order of this court filed herein August 27th 1930.

2. That said stipulation and dismissal were based solely on the fact that a complete settlement of the matters involved in this case was contemplated as a certainty and further that the defendant R. W. Scott by his said counsel had promised and agreed with complainant that said settlement would be entirely satisfactory to complainant and/or his solicitors; that there was no other consideration for said stipulation and dismissal; that said contemplated settlement has wholly and completely failed and said defendant R. W. Scott has wholly failed, neglected and refused to make said settlement satisfactory to complainant and/or his solicitors and has otherwise failed to make any settlement whatsoever.

3. That said defendant is the only remaining active defendant in this suit, decrees pro confesso having been duly and regularly entered against all of the other defendants hereto.

Wherefore, said parties move the court to enter an order vacating its said former order of dismissal, reinstating this case and otherwise placing the same in the same status as if said former order of dismissal had never been entered. And said defendant R. W. Scott further agrees that the complainant, upon reopening of this case, may forthwith proceed to final decree herein and sale of the property involved under said decree on October 6th 1930, without further notice to or contest by said defendant.

Dated this 19th day of September, 1930.''

And, thereafter, on the same day, to-wit the 19th day of September, Judge John U. Bird entered an order vacating the order made on the 22nd day of August, filed for record on the 27th day of August, and thereupon assumed jurisdiction of the cause to proceed further about the adjudica tion required therein.

It is contended here by the Relators that the Circuit Court is without jurisdiction because of the force and effect of the order dated August 22nd and filed for record August 27th, and that the Court was without power and authority to reinstate the case.

Under the law and the Rules of Practice in the State orders and decrees in chancery (other than those governed by Rule 45 and Sec. 4945 C.G.L.) do not become absolute until thirty days after the same are filed in the cause. Courts may hear and determine motions for rehearing in chancery causes filed at any time within thirty days from the entry of the order or decree upon which rehearing is sought. See Rule 90 of Rules of Practice for the Government of Circuit Courts of Florida.

The stipulation for reinstating signed by counsel for the respective parties herein may have properly been considered by the chancellor as a motion for rehearing and as all the matters and things therein stated were agreed to between counsel for the parties before the court, it was not necessary for them to be verified by oath of the party making the motion.

As the order of dismissal had not become absolute by the running of time, it was within the power of the chancellor to vacate the order and bring all parties thereby to occupy that status which was occupied by them immediately before the order of dismissal was entered.

For the reasons stated, the rule should be dismissed. It is so ordered.

Dismissed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.