PER CURIAM.
A final decree was entered in the cause July 24, 1952. September 16th, 54 days thereafter an extraordinary petition for rehearing was filed and on September 19th, defendants appealed. November 4, 1952, the Court granted the extraordinary petition for rehearing, vacated the final decree and referred the cause to a Master. We are confronted with a petition for certio-rari to review and quash the latter decree.
The point for determination is whether or not the Circuit Court had jurisdiction to vacate the final decree, the petition for rehearing on which it was predicated nothaving been filed within 20 days of its entry.
Equity Rule 70 requiring that petitions for rehearing be filed within 20 days of recording the decree and Allen v. Town of Largo, Fla., 39 So.2d 549, required an affirmative answer to this question. Respondents contend that the point is ruled by Hendry v. Lewis, Fla., 59 So.2d 854. It is sufficient to point out that this case dealt with a common-law action and does not control equity causes' since they are not limited by fixed terms as is the case with common-law actions.
The petition for certiorari is granted and the order complained of is quashed with directions to enter a decree accordingly.
It is so ordered.
*303 ROBERTS, C. J., and TERRELL, MATHEWS, and DREW, JJ-, concur.
On Petition for Clarification
PER CURIAM.
The petitioner. has applied to this Court for a clarification of the order': of this Court dated April 30, 1953, wherein, “The petition for certiorari is granted and the order complained of is- quashed with directions to enter a decree accordingly.”
The effect of the order of April 30, 1953, was to quash the order complained of and to order the reinstatement of the final decree in' the cause nunc pro tunc as of July 23, 1952, the date of its-entry.
ROBERTS, C. J., and TERRELL, SE-BRING, and MATHEWS, JJ., concur.