109 So.2d 602 (1959)
Ellen Gale BATTEIGER, Appellant,
v.
Kenneth George BATTEIGER, Appellee.
No. 58-416.
District Court of Appeal of Florida. Third District.
March 10, 1959.
*603 A.N. Spence, Miami, for appellant.
Rohan & Costello and George H. Pickar, Miami, for appellee.
PEARSON, Judge.
The only question presented by the appellant is whether the lower court had jurisdiction to enter an amended final decree. It is a well recognized principle that the trial court loses jurisdiction of the case at the expiration of the time for filing a petition for rehearing or motion for new trial unless such petition or motion is filed. Bartlett & Sons Co. v. Pan-American Studios, 144 Fla. 531, 198 So. 195; Jappe v. Heller, Fla. 1953, 65 So.2d 302; Cf. Ray v. Ray, Fla.App. 1958, 99 So.2d 721. This rule is subject to the exception that the trial court may correct clerical mistakes or mistakes arising from oversight or omissions at any time. Rule 1.38, Florida Rules of Civil Procedure, 30 F.S.A.
In the case appealed, a final decree of divorce was signed by the chancellor on April 10, 1958, and filed for record on April 16, 1958. The decree ordered that the parties be divorced from each other and that the appellee, defendant below, execute a deed conveying certain property, which the court found was purchased with plaintiff's funds, to the plaintiff.
Two letters were filed simultaneously with the final decree.
One was written by the plaintiff's attorney, addressed to the chancellor, and dated April 8, 1958. The letter stated that because of the case of Howell v. Howell, Fla. 1958, 100 So.2d 170, "the court should grant the divorce specifically to one or the other party." The writer contended that this case also stood for the proposition that the wife should be awarded the home.
The other letter was written by defendant's attorney, addressed to the chancellor, and dated April 11, 1958. This letter stated that the position taken by plaintiff's attorney in his letter was inconsistent with his position at trial, and suggested that in view of the Howell case the entire matter should be reconsidered at an informal conference. In the instant case, the original final decree failed to award the divorce specifically to one of the parties, which specific award is necessary under the decisions. Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105; MacFadden v. MacFadden, 157 Fla. 477, 26 So.2d 502; Friedman v. Friedman, Fla. 1958, 100 So.2d 167; Howell v. Howell, Fla. 1958, 100 So.2d 170.
The actions of the attorneys as reflected by the record were tantamount to the filing of a petition for rehearing, inasmuch as the letters were obviously in response to an announced final decree. See Rule 3.16(a), 1954 Rules of Civil Procedure, 31 F.S.A. Cf. State ex rel. Roberts v. Bird, 101 Fla. 1229, 133 So. 84. It has been held that the proper function of a petition for rehearing is to present to the court some point which is overlooked or which the court failed to consider. See Mann v. Etchells, 132 Fla. 409, 182 So. 198. The ruling on a petition for rehearing will not be disturbed unless an abuse of discretion is clearly shown. Beasley v. Burnett, 140 Fla. 231, 191 So. 459; Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175.
We next turn to appellant's contention that the chancellor lacked the jurisdiction *604 to change the property provisions of the final decree after hearing was held on the informal petition for rehearing. The sufficiency of the evidence to support these findings has not been questioned. It is settled in Florida that a chancellor may modify a final decree after consideration of a petition for rehearing. Hollywood v. Clark, supra; Burnup v. Bagley, Fla. 1958, 100 So.2d 622.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.