HORTON, Judge.
This appeal seeks review of a final decree in a divorce action and an order on rule to show cause entered subsequent thereto. The husband instituted suit for divorce upon the ground of extreme cruelty. The wife answered and counterclaimed for divorce upon the ground of extreme cruelty. Both parties sought custody of the two minor children of the marriage.
This cause involved protracted litigation resulting in the final decree appealed wherein the chancellor, inter alia, decreed as follows:
“That the evidence adduced heretofore sustains the allegations of cruelty upon the part of the parties hereto each to the other.
“That the marriage between the Plaintiff, Guy A. Bennett, and the Defendant, Zetta Frances Bennett, be, and the same is hereby dissolved, a vinculo matrimonii, and the said parties and each of them are hereby forever freed from the bonds of matrimony heretofore existing between them and from the obligations arising therefrom.
“That the Plaintiff, Guy A. Bennett, be and he is hereby awarded the permanent care, custody and control of the minor children of the parties, to-wit: Zetta Maynor Bennett and Guy Arnold Bennett, Jr., with liberal rights of visitation to the Defendant, Zetta Frances Bennett.”
In addition, the decree made provision for permanent alimony, attorney’s fees and costs in favor of the wife and retained jurisdiction for further determination of matters touching upon custody, support, alimony and disposition of property as the equities might require.
The appellant has argued seven points upon which she relies for reversal of the final decree; in addition, she has argued three points which are directed to alleged errors of the chancellor in the entry of a post decretal order.
Primarily the wife contends that the final decree should have determined the equities between the parties and designated the one entitled to a divorce. The law on this question appears to be well settled by the Supreme Court of this state in Friedman v. Friedman, Fla.1958, 100 So.2d 167, 170, when that court, speaking through Justice Thornal, said:
“After carefully considering the prior decisions we are of the view that the better rule as well as one which provides a more orderly procedure consistent with equitable principles requires that in a divorce proceeding where both parties lay claim to a divorce, it is the responsibility of the Chancellor in the first instance to specifically determine by his final decree the relative equities and designate the party entitled to the divorce and the one to whom it is granted.”
See Sahler v. Sahler, 154 Fla. 206, 17 So. 2d 105; Macfadden v. Macfadden, 157 Fla. 477, 26 So.2d 502; Howell v. Howell, Fla. 1958, 100 So.2d 170; Batteiger v. Batteiger, Fla.App.1959, 109 So.2d 602.
The remaining points raised and argued by the appellant, other than those bearing on the right to a divorce, have been duly considered and found to be without merit.
Adhering as we should to the precedent established by our Supreme Court, it follows that the portion of the chancellor’s decree granting a divorce without designating the party to whom the divorce was granted, was error. The decree appealed is affirmed, but the cause is remanded for the chan *632 cellor to determine in whose favor the equities exist and to enter a decree of divorce accordingly.
Affirmed, but remanded with directions.