RAWLS, Judge.
This is an original proceeding in prohibition filed by relator Huntley Brothers, defendants in the lower court.
The chancellor, respondent Honorable' Marion W. Gooding, Circuit Judge, entered a summary final decree in favor of Huntley Brothers which was recorded on October 5, 1961.[1]
On November 10, 1961, 36 days thereafter, plaintiff filed a petition to vacate and set aside the final decree in the lower court on the grounds that there was no evidence upon which to sustain the entrance of the said summary final decree, and that certain depositions had not been transcribed and filed as of the date of the hearing on the defendant’s motion for summary final decree. On December 1, 1961, the chancellor entered an order setting aside the final decree but reciting no reasons therefor save the grounds stated in plaintiff’s motion to vacate.
Relator urges that the failure of plaintiff to file a petition for rehearing “ * * * within 10 days after the recording of the decree” [2] resulted in a finality of the summary decree to such an extent that the chancellor lost jurisdiction of the cause, thereby rendering the purported order to vacate same null and void. We agree.
The Supreme Court of Florida considered a similar question of jurisdiction before it *57 in Jappe v. Heller et al.[3] There, the chancellor attempted to vacate a final decree some 54 days after the entrance of. same. In quashing the order vacating the final decree and directing re-entrance of the initial final decree, the court held that by virtue of the provisions of Equity Rule 70 the chancellor had lost jurisdiction of the cause upon the expiration of the time for the filing of the petition for rehearing.[4]
In Cortina v. Cortina[5] the Supreme Court in considering a purported modification of a final decree after the expiration of the ten day period within which to file a petition for rehearing held: “ * * * [F]inal decrees cannot be changed, added to, nor taken from, except as to the correction, nunc pro tunc, of mere clerical errors or misprisions, without resorting to the recognized processes of equity, based upon appropriate grounds.”
The District Court of Appeal, Third District, in considering this question in Batteiger v. Batteiger[6] stated the applicable rule as: “It is a well recognized principle that the trial court loses jurisdiction of the case at the expiration of the time for filing a petition for rehearing or motion for new trial unless such petition or motion is filed. * * * TfnS rule is subject to the exception that the trial court may correct clerical mistakes or mistakes arising from oversight or omissions at any time. * * * ”
The respondent urges that the latter exception applies in this cause and asserts that the chancellor entered the final decree as a result of an omission. The burden of presenting evidence to a chancellor upon a motion for summary judgment rests upon the parties to the cause, not upon the chancellor. The proper method for review of final decrees is by the timely filing of a petition for rehearing and in the event of an adverse ruling, the institution of an appeal. Failing to follow that procedure, the aggrieved party cannot confer jurisdiction upon a chancellor in the manner utilized in the instant cause. Here, any omission or mistake made in failing to furnish proofs was an omission or mistake on the part of plaintiff — not the chancellor. This is not the type of omission or mistake contemplated by Rule 1.38, Florida Rules of Civil Procedure.
Respondent’s return and answer urges that prohibition is not a proper remedy in the instant cause and cites lengthy authorities all going to the proposition that a court can vacate, amend, or reform its orders or decrees at any time during the term of court at which they are made. Such contention is not well taken in that equity causes are not limited by fixed terms as were common law actions prior to adoption of the 1954 rules of civil procedure. The applicable rule is properly stated in Florida Jurisprudence: [7]
“Jurisdiction over the subject matter of an action or the parties thereto, although it has once admittedly attached, may subsequently terminate, and when this happens, the lower court is as destitute of jurisdiction as if jurisdiction either of the subject matter or of the person had never existed. In that case, if the lower court proposes to take any further action, the writ of prohibition may issue.”
Finally, respondents contend that subsequent proceedings to the purported order vacating the final decree precluded this action in prohibition. As above stated, upon the expiry of ten days the final decree became final and at that time the chancellor lost jurisdiction of the parties and *58 the subject matter. Jurisdiction is the oxygen of an action. If present, the action is alive and the court may act. If absent, the action is dead, and neither the court nor the parties may breathe life into it, irrespective of their artificial respirational efforts.
Accordingly, judgment in prohibition is entered. The chancellor is directed to quash the purported order to vacate and to reinstate the summary final decree. We assume it will not be necessary to issue the writ.
CARROLL, DONALD K„ C. J., and WIGGINTON, J., concur.

. No issue exists as to this being a final decree, the closing paragraph being: “It is therefore ORDERED, ADJUDGED and DECREED that the defendants motion for summary judgment be, and the same is hereby granted, that the plaintiff has and recovers nothing by his suit, that the defendants, HUNTLEY BROS., INC., a Florida corporation, L. L. HUNTLEY and W. T. HUNTLEY, go hence without day, and that defendants recover their costs and charges in this behalf expended and have execution therefor.”

. Seo Rule 3.16, Florida Rules of Civil Procedure, 1954, 31 F.S.A.

. Jappe v. Heller et al., 65 So.2d 302 (Fla.1953).

. Equity Rule 70 was the predecessor of Rule 3.16, Florida Rules of Civil Procedure.

. Cortina v. Cortina, 98 8o.2d 334, 336 (Fla.1957).

. Batteiger v. Batteiger, 109 So.2d 602 (Fla.App.3d, 1959).

. 25 Fla.Jur., Prohibition, § 22, p. 473.