285 So.2d 445 (1973)
JEFFERSON NATIONAL BANK AT SUNNY ISLES et al., Appellants,
v.
METROPOLITAN DADE COUNTY et al., Appellees.
No. 73-1062.
District Court of Appeal of Florida, Third District.
November 21, 1973.
Rehearing Denied November 30, 1973.
Courshon & Courshon, Katz & Salmon, Miami Beach, for appellants.
Stuart Simon, County Atty., John I. Ruff, Huebner, Shaw & Bunnell, Fort Lauderdale, for appellees.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellants filled in a part of a public waterway. After protracted litigation, the circuit court ordered appellants to remove the offending fill in language as follows: "That all fill placed beyond the bulkhead line ... be removed". The appellants have previously appealed to this court. We affirmed the trial court's holding that the fill be removed. See Jefferson National Bank at Sunny Isles v. Metropolitan Dade County, Fla.App. 1972, 271 So.2d 207. The cited opinion shows that no issue of vagueness of the judgment was raised by the appellants. Upon the issuance of the mandate of this court, the judgment of the circuit court became the judgment of this court. Walker v. Young, 93 Fla. 29, 111 So. 516 (1927). The circuit court entered an order on mandate which *446 provided the appellants with a period of approximately thirty days in which to make arrangements and begin their work.
The appellants did not comply with the order on mandate, but instead moved for an extension of time.[1] Then, they did not comply within the period as extended, but on the last day of the period moved for a second extension. This second motion asked additional relief by way of "clarifying and relieving them from the terms of the summary final judgment". In effect, the circuit judge to whom the cause was assigned granted a second extension of time but reserved ruling on the prayer for relief from the judgment. A date for hearing upon the motion for relief from the judgment was set for a time some months after the expiration of the time set by extension.
The appellees then moved to cite the appellants for contempt and brought their motion on to be heard before another circuit judge inasmuch as the judge who had set the last extension and who had reserved ruling on the motion for clarification was now on vacation. After hearing was held on the motion for contempt, the trial court entered the following order on August 14, 1973:
* * * * * *
"1. The Court finds that all Counter-Defendants be and they are in contempt of this Court's Order of May 30, 1973, as modified by this Court's Order of June 26, 1973, in that they have failed and refused to file with this Court the plans and specifications required by said Orders within the time prescribed therein and have failed and refused to begin removal of the fill within the time prescribed therein.
"2. Each of the Counter-Defendants may purge himself of contempt by beginning removal of the fill on his property as required by the Final Summary Judgment entered on January 21, 1972, by no later than August 30, 1973, and by continuing diligently thereafter to comply with the requirements of paragraph 3 of the Court's Order of January 21, 1972.
"3. Should Counter-Defendants, or any of them fail to purge themselves of contempt as provided herein within the time prescribed herein, such Counter-Defendants jointly shall be fined a total of Five Hundred ($500.00) Dollars per day from July 19, 1973, until such date as the said Counter-Defendants shall purge themselves of contempt in accordance herewith. Such fines shall be payable to Counter-Plaintiff, METROPOLITAN DADE COUNTY, FLORIDA."
* * * * * *
On August 24, 1973, notice of interlocutory appeal was filed.
Unquestionably, the record before us would support a finding that the appellants willfully frustrated this court's judgment. The litigation, for all practical purposes, has been terminated and the appellants know that they are required to remove the fill to the bulkhead line; however, the only intimation of compliance has been the procurement of an engineer who says he needs more particulars. If the trial judge had found that the appellants were guilty of willful disregard of the judgment of this court, we would now sustain such a finding as supported by substantial testimony.
*447 We are, however, faced with two facts. First, the trial judge has not found a willful disobedience of our order. Secondly, prior to the entry of the order on contempt, the trial judge in whose division the cause was assigned did set a hearing on a motion to modify our judgment. The trial judge should have regarded such a motion as a nullity because he did not have the jurisdiction to modify our judgment. When a judgment of the circuit court is affirmed by this court, the affirmed judgment becomes the judgment of this court and it may not be modified by the circuit court except upon permission granted by this court. See Walker v. Young, supra; Fairfax Broadcasting Company v. Florida Airmotive, Inc., Fla.App. 1971, 252 So.2d 854; State ex rel. Tobin v. Holt, Fla.App. 1960, 117 So.2d 428. No such permission has been granted in this case. Nevertheless, we think that it is arguable that appellants are not guilty of a willful disobedience.
Therefore, the judgment holding appellants in contempt is reversed with directions to the trial court to set a short time after the receipt of our mandate within which to hear appellees' motion to hold the appellants in contempt. If, at the time of that hearing, the appellants are unable to present evidence that they have begun to comply with this court's judgment, then the trial court shall proceed to determine whether or not appellants' failure to comply with the judgment constitutes contempt. In the event that the trial court finds a contempt, it shall proceed with punishment as is provided in such cases. If, on the other hand, the appellants have begun removing the fill, then the trial court shall set a reasonable time for completion pursuant to the judgment of this court.
In view of the fact that the original judgment of the circuit court has been frustrated by repeated motions in the trial court, by appeals, and by a petition for certiorari, we reach the conclusion that an expeditious disposition of this litigation is in the public interest. Therefore, we direct that the time allowed for petition for rehearing is limited to three days from the filing of this opinion.
Reversed and remanded.
NOTES
[1] The trial judge's order granting the extension of time ordered the following:

* * * * *
"1. The JEFFERSON NATIONAL BANK AT SUNNY ISLES, etc., et al.'s Motion for Extension of Time is granted, and it is further ordered and adjudged that the said Plaintiffs file with this Court and with the Defendants not later than July 3, 1973, the plans and specifications necessary in complete form for the removal of the fill in a manner ordered by this Court in it Final Summary Judgment of January 21, 1972.
"2. Plaintiffs shall on or before July 19, 1973, begin the actual removal of the said fill as provided in the Court's said Final Summary Judgment.
"3. Ruling is reserved on Plaintiffs' Motion for Clarification of said Final Summary Judgment."
* * * * *