300 So.2d 65 (1973)
CITY OF MIAMI BEACH, a Municipal Corporation Created and Existing under the Laws of the State of Florida, Appellant,
v.
ARTHREE, INC., a Florida Corporation, et al., Appellees.
Howard KASKEL and Doris Kaskel et al., Appellants,
v.
ARTHREE, INC., a Florida Corporation, et al., Appellees.
Nos. 72-36, 72-90.
District Court of Appeal of Florida, Third District.
December 11, 1973.
*66 Joseph A. Wanick, City Atty., Miami Beach; Sibley, Giblin, Levenson & Ward, Miami Beach, for Kaskel, and others, appellants.
Kovner, Mannheimer, Greenfield & Cutler, Miami, Snyder, Young, Stern & Tannenbaum, North Miami Beach, and Paul R. Lipton, Herbert M. Klein, Miami, for appellees.
Before PEARSON, CARROLL and HENDRY, JJ.

ON PETITION TO ENFORCE MANDATE
PER CURIAM.
Our opinion involving the appeals in these causes was filed on November 21, 1972. City of Miami Beach v. Arthree, Inc., Fla.App. 1972, 269 So.2d 699. Our mandate was duly issued and thereafter petition for certiorari was filed in the Supreme Court of Florida. The petition was denied on March 13, 1973. Arthree, Inc. v. Kaskel, Fla. 1973, 276 So.2d 166. Thereafter, the petitioner obtained a stay in the Supreme Court for the purpose of seeking review in the Supreme Court of the United States. On October 9, 1973, the petition was denied by the Supreme Court of the United States. Arthree, Inc. v. Kaskel, 414 U.S. 859, 94 S.Ct. 70, 38 L.Ed.2d 109 (1973).
Thereafter, in the trial court, the appellant-City moved for an order on our mandate. Prior to the issuance of the order on mandate, four tenants of the plaintiff Arthree, Inc., moved in the trial court to seek relief from the judgment of this court upon "equitable considerations." Certain *67 of the appellants presented a motion in this court to "Clarify and Enforce Mandate", and the appellee, Arthree, Inc., offered a motion in this court to strike the motion to clarify and enforce mandate. Argument was held upon both motions and the motions are denied. In view of the circumstances of this case, and the fact that this litigation has been prolonged by an improvident petition in the trial court, we find it necessary to restate certain principles which should govern proceedings in the trial court after the issuance of the mandate in this court.
First, it should be pointed out that upon the issuance of our mandate, the trial court is without authority to take any action other than to compose an order carrying out the terms of the mandate. See Fairfax Broadcasting Company v. Florida Airmotive, Inc., Fla.App. 1971, 252 So.2d 854. Second, any motion or petition to vary the judgment of this court may not be entertained without the express permission of this court to do so. Such a petition may not be entertained in the trial court unless the permission of this court for the making of the petition is first obtained. Jefferson National Bank at Sunny Isles v. Metropolitan Dade County, Fla. App. 1973, 3rd D.C.A., 285 So.2d 445. The proper procedure is for the trial court to dismiss a petition to amend or vary the mandate of this court when permission has not been obtained for the filing of such a petition.
We have denied the motion to clarify and enforce the mandate because there has been filed in this court a copy of the trial court's order on mandate which adopts our opinion as the order of the trial court and provides for its execution. The complainants' dissatisfaction with said order on mandate is misplaced inasmuch as their dissatisfaction stems from the failure of the trial court to enter an injunctive order. While such an injunctive order was a prayer of the complaint in the trial court, the issuance of such an injunctive order was not required by our mandate. Nevertheless, the clear import of our opinion and mandate is that the City shall be permitted to enforce its zoning ordinances applicable to the property which is subject to this suit. We are not convinced that it is necessary for this court to enforce its mandate inasmuch as it affirmatively appears that the trial court has proceeded properly in this matter after the denial of the petition to intervene.
It is unfortunate that final disposition of appeals in this and other appellate courts should be subject to long delays because of repeated petitions for review. Certainly, the orderly disposition of litigation should not be further delayed by the making of unauthorized and unnecessary petitions seeking to vary the terms of the mandate after the mandate is effective.
Accordingly, the petition and motion to strike are denied in full confidence that the trial court will proceed in whatever manner it finds lawful and appropriate to enforce the mandate of this court.
It is so ordered.