WALDEN, Chief Judge.
The wife in this dissolution action appeals from the amended final judgment. In a previous appeal, Schetter v. Schetter, 279 So.2d 58 (4th DCA Fla.1973), this court partially reversed the final judgment and remanded with instructions that the wife be allowed to recover all properties she had conveyed to Tashea. The rest of the final judgment was affirmed, specifically the provision that the husband was entitled to one-half of all assets heretofore belonging to both or either of the parties to the marriage.
Upon remand, however, the trial court went beyond the confines of this mandate, Bryan and Sons Corp. v. Klefstad, 265 So.2d 382 (4th DCA Fla.1972); Fairfax Broadcasting Company v. Florida Automotive, Inc., 252 So.2d 854 (4th DCA Fla.1971).
The portion of the final judgment reversed, provided:
“MARCELLA SCHETTER be, and she is hereby estopped from recovering any property she has conveyed to ERNEST R. TASHEA. This shall particularly include the assets listed in the preceding paragraph.”
The trial court went beyond the scope of its mandate when, on remand, it ordered that the wife should be responsible for court costs for which in the final judgment Tashea had been responsible. While we are in sympathy with the motives of the trial court, that taxation of costs should follow the award of assets, this amendment went beyond the scope of the trial court’s mandate and must be reversed.
Likewise, we reverse that portion of the amended final judgment wherein Tashea is allowed to retain the ownership of ABC Answering Service, Inc. This court held that the wife should be allowed to recover all assets she had conveyed to Tashea. As ABC Answering Service, Inc. *152 was acquired with funds of the wife, she and husband should each have been granted a one-half interest in that corporation.
Lastly, in the amended final judgment the trial court noted that the parties had approved the sale of their home, and further determined that the furniture in the house belonged to Tashea. The furniture was not mentioned specifically in the final judgment. When all provisions of the final judgment were affirmed, with the exception noted, the judgment became a judgment of the appellate court and, as such, was not subject to interference by the trial court without specific permission. Acme Specialty Corporation v. City of Miami, 292 So.2d 379 (3rd DCA Fla. 1974); Jefferson National Bank at Sunny Isles v. Metropolitan Dade County, 285 So.2d 445 (3rd DCA Fla.1973). This determination was an unauthorized amendment to the final judgment and must be reversed. City of Miami Beach v. Arthree, Inc., 300 So.2d 65 (3rd DCA Fla.1973).
We affirm the provision of the amended final judgment concerning the disposition of the monies in the Goodbody & Company account. By the provisions of the original final judgment this account was made subject to litigation. Subsequent to the final judgment, this dispute was litigated. Hence, in accord with the provisions of the final judgment, the trial court correctly determined that both the husband and wife are entitled to one-half of the proceeds.
In summary, we reverse those provisions of the trial court’s Amended Final Judgment taxing costs to the wife, leaving the ownership of ABC Answering Service, Inc., in Tashea and determining that Tash-ea owned the furniture. We affirm the provision concerning the Goodbody & Company account.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, J., and LEE, THOMAS E., Associate Judge, concur.