341 So.2d 811 (1977)
David G. MENDELSON, Appellant,
v.
Lavine MENDELSON, Appellee.
No. 75-1107.
District Court of Appeal of Florida, Second District.
January 19, 1977.
*812 William J. Terry, Tampa, for appellant.
D. Russell Stahl, Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
As Churchill might have put it had he been considering the fascinating and monumental verities of Florida post-trial procedural law and practice rather than merely the prosaic question of Chinese politics, the result we reach in this case represents an incongruity arising out of an imbroglio and caused by an anomaly. The incongruity lies in the fact that the parties are required to undergo a new trial even though the plaintiff has now agreed to an order, secured by the defendant, and affirmed by us, which reduces his judgment as a condition of avoiding such a trial. The anomaly is the peculiarity of the Florida law which permits a full appeal from an essentially interlocutory order only in the case of an order granting a new trial. The imbroglio occurred in this manner:
In 1974 the present appellee, Lavine Mendelson, sued his brother, the appellant David G. Mendelson, for money damages based on two separate and complex claims of fraud arising out of joint business ventures in which they had been engaged. The jury trial in that case ended in a $68,500 verdict for the plaintiff, Lavine Mendelson. In ruling upon the defendant's post-trial motions, the trial court, on September 4, 1974, ordered the plaintiff to file a $50,000 remittitur within ten days; the order provided that upon the plaintiff's failure to do so, a "new trial will be granted." The plaintiff did not file the remittitur. Before the ten day period had expired, however, he filed separate notices of appeal and of interlocutory appeal[1] directed to the alternative remittitur-new trial order. It is clear that the only basis for invoking our jurisdiction at that stage was the consideration of the order on appeal as one actually granting the new trial. It is indeed upon that basis that we considered the merits of the appeal and the propriety of the order, a consideration which resulted in a per curiam affirmance of the order, on February 28, 1975, in Mendelson v. Mendelson, 309 So.2d 84 (Fla.2d DCA 1975).
Before the appellate mandate thus affirming the granting of the new trial was even issued by this court, much less received in the Circuit Court, the plaintiff, on March 13, 1975, filed in the trial court the $50,000 remittitur alternatively required in the post-trial order. He simultaneously moved for the entry of a final judgment in his favor in the amount of the jury verdict as reduced by the remittitur. Over the defendant's opposition, the Circuit Court, on July 2, 1975, of course well after the receipt of our mandate, granted the motion and entered judgment for the plaintiff for $18,500.
On this appeal from the final judgment now entered against him, the defendant claims the right to the new trial on all issues he says was required by the original post-trial order of September 4, 1974 as affirmed and mandated by this court.[2] We agree with this position.
*813 The basis for this determination is, as what we have already said foreshadows, the conclusion that the plaintiff's pursuit of his appeal from the September 4, 1974 order  one which could have been reviewed only if it were in fact one granting a new trial[3]  constituted a binding and irretrievable election to forego the alternative of posting the remittitur and to accept the alternative requirement of a new trial. The Supreme Court clearly indicated this result in Sewell v. Sewell, 91 Fla. 982, 109 So. 98, 100 (1926):
"Where the party in whose favor a money verdict is rendered declined to enter a remittitur suggested by the trial court as an alternative to the granting of a motion for new trial, and motion for new trial is granted, the party in whose favor the verdict is rendered may, under the statutes, take a writ of error to the order granting a new trial; but if any of the grounds of the motion for new trial show material and prejudicial error in the finding either as to liability or as to the amount awarded, the order granting the motion for new trial should be affirmed, since if the error relates to liability a new trial was properly granted, and if the error relates only to the amount allowed, the party in whose favor the verdict was rendered, by refusing to enter the suggested remittitur, has lost the opportunity to cure the error in the verdict as indicated by the trial court." [emphasis supplied][4]
The plaintiff's election to treat the order as one granting a new trial, and thereby to waive the "right" to file a remittitur so as to avoid one, gained the plaintiff the concomitant right to appeal from that order, one which would not otherwise have existed.[5] The application of familiar principles concerning the effect of an election of inconsistent remedies, Scott v. National Airlines, Inc., 150 So.2d 237 (Fla. 1963); Coronet Kitchens, Inc. v. Mortgage Mart, Inc., 146 So.2d 768 (Fla.2d DCA 1962); Rivers Body Factory v. Lufkin Foundry & Machine Co., 146 So.2d 774 (Fla.1st DCA 1962); 11 Fla.Jur., Election of Remedies, § 17, pp. 334-335, requires the holding that the plaintiff should not now, after his initial choice has proven unsuccessful, be given the right to make another.
This is particularly true since that initial choice has resulted, after our consideration of his appeal on its merits, in a mandate of this court affirming the order granting the new trial. No principle of appellate jurisdiction is more firmly established than the one which provides that a *814 trial court utterly lacks the power to deviate from the terms of an appellate mandate. City of Miami Beach v. Arthree, Inc., 300 So.2d 65 (Fla.3rd DCA 1973); Schetter v. Schetter, 330 So.2d 150 (Fla. 4th DCA 1976); Ohio Casualty Group v. Parrish, 338 So.2d 910 (Fla.3rd DCA 1976).[6] Upon our affirmance of the order granting a new trial, the Circuit Court had no authority to do anything but to schedule one. We reverse the final judgment and direct that this now be done.
Reversed and remanded.
McNULTY, A.C.J., and GRIMES, J., concur.
NOTES
[1] Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla. 1974) makes clear that the notice of "full" appeal, as from a final judgment, was the appropriate one.
[2] We find without merit the additional contentions raised here by the defendant concerning adverse rulings in the first trial, including his alleged entitlement to a directed verdict as to one or both of the counts of the complaint against him. We note, however, that, under the then and present law, Osteen v. Seaboard C.L.R. Co., 283 So.2d 379 (Fla.1st DCA 1973); Leonetti v. Boone, 74 So.2d 551 (Fla. 1954), though not in the future, Bowen v. Willard, 340 So.2d 110 (Fla.Sup.Ct. opinion filed November 30, 1976), the defendant could not have secured review of these contentions in the first appeal by the plaintiff or until, as has now occurred, a final judgment was entered against him.
[3] Clement v. Aztec Sales, Inc., supra, n. 1; Wackenhut Corp. v. Judges, 297 So.2d 300 (Fla. 1974); Hoffman v. Jackson's Minit Markets, Inc., 313 So.2d 722 (Fla. 1975); Bowen v. Willard, supra, n. 2.
[4] We attach no significance whatever to the facts that the notice of appeal was filed before the ten day remittitur period had expired and that the remittitur itself was filed before the Circuit Court had reacquired jurisdiction over the case through the receipt of our mandate. The notice of appeal treated the order appealed from as one granting a new trial; its having been filed before the effective date of that order did not affect the efficacy of the notice. Williams v. State, 324 So.2d 74 (Fla. 1975); State v. Rawls, 326 So.2d 173 (Fla. 1976).
[5] Particularly in view of the Supreme Court's determination as expressed in Bowen v. Willard, supra, n. 2, to streamline the appellate process in the review of orders of this kind, we see no reason why a plaintiff, faced with a typical remittitur-new trial order such as the one in this case, may not  if he does not in fact desire a new trial  file the remittitur under protest; appeal from the thus-reduced final judgment; and assign as error the order which required a reduction of his verdict in order to avoid a new trial. As the Fifth Circuit cases which endorse this procedure, Delta Engineering Corp. v. Scott, 322 F.2d 11, 15 (5 Cir.1963); Steinberg v. Indemnity Ins. Co. of North America, 364 F.2d 266 (5 Cir.1966); see Wiggs v. Courshon, 485 F.2d 1281 (5 Cir.1973), indicate, there can be no viable claim that by filing a remittitur only because he was ordered to do so, the plaintiff would somehow voluntarily acquiesce in the reduction of this judgment or otherwise waive the right to claim error in that order. Compare cases collected at 2 Fla.Jur., Appeals, §§ 312-313, pp. 666-671.
[6] This is the rule in the absence of permission from the appellate court to do otherwise, which was sought and obtained from the Supreme Court on petition for rehearing in a similar situation in Hardy v. Addison, 41 So.2d 149 (Fla. 1949), but which was not sought in this case.