PER CURIAM.
Appellants/defendants/lessors appeal from a final judgment rendered in favor of appellee/plaintiff/lessee in an action grounded upon constructive eviction and breach of the implied covenant of quiet enjoyment. The action, itself, was occasioned by appellee and its sub-lessee, both brokerage firms, having to vacate the leasehold located in appellants’ luxury apartment-hotel complex on Miami Beach, because of a zoning violation.[1] After a non- *1130 jury hearing, the trial judge entered a money judgment in favor of appellee/lessee consisting of (1) an amount representing a security deposit which appellants/lessors failed to return to appellee plus interest thereon, and (2) an amount covering the loss sustained by appellee because of certain improvements made to the leasehold by both appellee and its sub-lessee.
While appellants have raised certain points on appeal, including the contention that the trial judge erred in failing to require appellee to join the sub-lessee as an indispensible party plaintiff to the suit, after a careful review of the record in light of the controlling principles of law, it is our opinion that the final judgment should be affirmed.
Affirmed.

. See City of Miami Beach v. Arthree, Inc., 269 So.2d 699 (Fla. 3d DCA 1972); cert. den. 276 *1130 So.2d 166 (Fla.1973); 300 So.2d 65 (Fla. 3d DCA 1973); cert. den. 414 U.S. 859, 94 S.Ct. 70, 38 L.Ed.2d 109 (1974), where the City of Miami Beach zoning ordinance prohibiting service stores, etc., in apartment houses was declared not to be unreasonable and unconstitutional.