PER CURIAM.
The petition for writ of mandamus is treated as one seeking review, Section 120.-68(1), Florida Statutes (1981), of the final decision of the Florida Pari-Mutuel Commission. Fla.R.App.P. 9.040(c).
In our view, based upon the briefs and oral presentations before us, and as specifically reflected by the findings and conclusions contained in the order under review, there has been no demonstration of the “strong and compelling reasons” required to justify a departure from the rule of rotation which we deem to remain a part of the pertinent law of Florida. Hialeah Race Course, Inc. v. Board of Business Regulation, 270 So.2d 366, 372 (Fla.1972) (Ervin, J., specially concurring); Gulfstream Park Racing Assn., Inc. v. Board of Business Regulation, 318 So.2d 458 (Fla. 1st DCA 1975); Gulfstream Park Racing Assn., Inc. v. Division of Pari Mutuel Wagering, Department of Business Regulation, 404 So.2d 1119 (Fla. 4th DCA 1981). We therefore reverse the order and direct the Commission to issue a license to Hialeah to operate the middle racing dates in question. § 120.68(13)(a)l, Fla.Stat. (1981); Hialeah Race Course, Inc. v. Board of Business Regulation, supra, at 270 So.2d 371.
Pursuant to Art. V, Sec. 3(b)(4), Florida Constitution, we certify to the Supreme Court of Florida that this decision passes upon questions of great public importance concerning the standards applicable to the award of racing dates in Florida, including the viability and application of the “rotation rule” in making that determination.
No motion for rehearing will be considered.