NESBITT, Judge.
Gulfstream Park Racing Association, Inc. (Gulfstream) contends, in this appeal, that the trial court erred in dismissing its complaint seeking damages for lost profits and racing preparation costs against Hia-. leah, Inc. (Hialeah). We disagree and affirm.
This action is part of the ongoing series of litigation between these two parties for an award of the lucrative “middle dates” each racing season. This action, commenced by Gulfstream below, arises out of *1201 the litigation for the 1983-1984 middle dates. Hialeah appealed from an order of the Florida Pari-Mutuel Commission (the Commission) which awarded the middle dates to Gulfstream. This court overturned the Commission’s order and ordered the Commission to award the middle dates to Hialeah. Hialeah v. Department of Business Regulation, 442 So.2d 1120 (Fla. 3d DCA 1983). Additionally, in Hialeah, we certified the question of applicable standards in determining the proper allocation of racing dates to the Florida supreme court. In Gulfstream Racing Park Association v. Hialeah, Inc., 453 So.2d 812 (Fla.1984) (Gulfstream 1984), the supreme court, in answering the certified question, held that the “rotation rule” should be applied only after determining that a consideration of seven factors[1] would leave the parties in substantially equal positions.
Gulfstream contends that the supreme court, in Gulfstream 1984, reversed the mandate issued by this court in Hialeah and reinstated the Commission’s order nunc pro tunc. It is Gulfstream’s contention that it is entitled to recover damages for the cost of racing preparations and lost profits suffered as the result of our mandate. Finding that the supreme court declined to reach the issue of whether our mandate was erroneous, we affirm the order dismissing Gulfstream’s complaint.
The supreme court implicitly declined to reach the issue of whether Gulfstream was actually entitled to the middle dates pursuant to the Commission’s order. While Gulfstream 1984 was pending on appeal, Gulfstream moved the court for a stay of this district’s mandate and for an expedited appeal so that the case could be decided before the middle racing dates had begun. The supreme court, however, denied the motion. When Gulfstream 1984 was issued, the middle dates had already passed and the court noted that the question of who should have been awarded the dates was moot. The court decided the issue was moot despite the fact that it could have reached the issue if the judgment would have affected the rights of the parties as they stood when the case was reviewed. See Dehoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943).
Not only did the supreme court implicitly decline to review the issue of this district’s mandate, but it did so expressly limiting its holding to addressing the certified question.
The district court should have reviewed the record to determine whether there was competent substantial evidence to support the Commission’s findings of fact. However, expending scarce judicial resources for such a determination now, by either this Court or the district court, would be poor stewardship. It can be predicted that the 1985 middle dates contest will offer ample opportunity for a meaningful review of a Commission award of middle racing dates. We trust we have adequately addressed the district court’s certificated question.
Gulfstream 1984, 453 So.2d at 814 (emphasis added).
We are unpersuaded, by Gulfstream’s contention that Jappe v. Heller, 65 So.2d 302 (Fla.1953) is controlling. In Jappe, the court expressly quashed an order vacating a final decree and remanded for the entry of a decree in accordance with its holding. Only upon petition for clarification did the court hold that its decision quashing the order reinstated the final decree nunc pro tunc. In Gulfstream 1984, though the court held that our application of the rotation rule was erroneous, it did not remand the case nor did it rule on the issue raised by this appeal. Furthermore, Gulfstream failed to seek clarification of the supreme court’s holding. Consequently, Jappe is not applicable to the present case.
Based upon the foregoing analysis, we find that in Gulfstream 1984 the supreme court did not rule on this district’s mandate in Hialeah to award the 1983-1984 middle dates to Hialeah, and that the court left our mandate intact. Cf. Sax Enterprises v. David & Dash, Inc., 107 So.2d 612 (Fla.1958) (judgment of reversal not necessarily an adjudication of any other matter than *1202 the questions in terms discussed and decided); Florida East Coast Ry. v. Geiger, 66 Fla. 582, 64 So. 238 (1914) (same); Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA 1978) (same), cert. denied, 376 So.2d 74 (Fla.1979).
Finally, the trial court is without jurisdiction, in this independent action, to review this court's mandate from Hialeah to determine whether it was erroneous and is bound to follow it as the law of the case. See Acme Speciality Corp. v. City of Miami, 292 So.2d 379 (Fla. 3d DCA 1974); City of Miami Beach v. Arthree, Inc., 300 So.2d 65 (Fla. 3d DCA 1973); Jefferson National Bank v. Metropolitan Dade County, 285 So.2d 445 (Fla. 3d DCA 1973); see also Carrier v. Vermeulen, 122 So.2d 318 (Fla. 1st DCA 1960) (district court’s judgment must be followed by lower court and may not be avoided because of some preconceived notion as to its supposed incorrectness).
Since the Supreme Court of Florida declined to reach the issue raised by this appeal, and because the trial court is bound by the mandate issued by this court in Hialeah, it properly dismissed Gulf-stream’s complaint. Accordingly, the order under review is
Affirmed.

. See Hialeah Race Course, Inc. v. Dept’t of Business Regulation, 270 So.2d 366, 369 (Fla.1972).