PER CURIAM.
We affirm the order entered by the Florida Pari-Mutuel Commission (Commission) awarding the first racing dates to Hialeah, Inc. (Hialeah), the middle racing dates to Gulfstream Park Racing Association, Inc., and the third racing dates to Tropical Park, Inc., for the 1987-88 season. We reject Hialeah’s claim that the Commission simply granted the most lucrative dates to the greatest producer of revenue in an arbitrary manner. We find that the Commission’s assignment of the racing dates is based upon a deliberate application of the seven factors required for such a determination, see Gulfstream Racing Ass'n, Inc. v. Hialeah, Inc., 453 So.2d 812 (Fla.1984), and that the Commission’s findings of fact are supported by competent and substantial evidence.
Furthermore, there is no support for Hialeah’s contention that the Commission weighted the geography factor any more heavily than the other factors, thereby punishing Hialeah for its location. We do note that the Commission was required to, and did, consider Hialeah’s inferior location in reaching its decision. Cf. Hialeah Race Course, Inc. v. Board of Business Regulation, 270 So.2d 366, 369 (Fla.1972) (Commission must consider seven factors, including geography, in determination of assignments of racing dates). Contrary to Hialeah’s contention, this is not a basis for overturning the Commission’s decision.
Finally, the commission was within its discretionary authority in awarding the first racing dates to Hialeah, notwithstanding Hialeah’s assertion that such an assignment might result in its economic ruin. Although the Commission is empowered to take into account strong and compelling reasons for granting one track more lucrative dates over another track, Gulfstream Park Racing Ass’n, Inc. v. Board of Business Regulation, 318 So.2d 458, 464 (Fla. 1st DCA) (Gulfstream I), cert. denied, 322 So.2d 919 (Fla.1975), in this case the Commission was obviously unpersuaded, based upon the evidence before it, to deviate from *1291 the seven factor test based upon Hialeah’s claim of inevitable bankruptcy. “Unless this Court’s function is to make racing policy rather than to read law, we must respect the [Commission’s] decision.” Gulfstream I, 318 So.2d at 466. Accordingly, the decision of the Commission is
Affirmed.