PER CURIAM.
Appellants William and Judith Hernstadt appeal a final judgment entered in favor of Brickell Bay Club Condominium Association, Inc. The final judgment was entered after remand from an earlier appeal, Brickell Bay Club Condominium Association, Inc. v. Hernstadt, 512 So.2d 994 (Fla. 3d DCA 1987), review denied, 520 So.2d 584 (Fla.1988). The Hernstadts contend that the trial court deviated from the mandate in the earlier appeal. We disagree and affirm.
The facts of the prior appeal are set forth in the earlier opinion and will not be repeated in detail here. In essence the Hernstadts converted a structure located on the roof of their condominium unit so that it could be used as part of their unit. The Association contended that the renovation had occurred without required approvals and directed the Hernstadts to cease using the renovated area. The Hernstadts initiated a lawsuit which requested a declaratory judgment and other relief. The Association counterclaimed for a mandatory injunction requiring the Hernstadts to cease and desist from using the roof structure, damages, and other relief. The trial court ruled for the Hernstadts, ruling that the doctrine of estoppel prevented enforcement of certain provisions of the Declaration of Condominium. The trial court thus granted the declaratory judgment and also awarded damages to the Hernstadts, subject to setoffs in favor of the association for certain assessments pertaining to the condominium unit. The Association appealed the final judgment, and the Hernstadts cross-appealed several issues pertaining to the declaratory decree and damage awards.
Our court ruled that “[t]he judgment for the Hernstadts is reversed and the cause is remanded with instructions to enter judgment for the Association; the cross-appeal is affirmed.” 512 So.2d at 997. On remand the trial court directed the Hernstadts to cease and desist from using the roof structure, reserved jurisdiction for a later award of damages, and again entered an award for unpaid assessments.
On this appeal, the Hernstadts contend that the direction “to enter judgment for the Association” only meant to enter judgment as to the Hernstadts’ declaratory judgment action, but not to enter judgment in favor of the Association on the counterclaim. That contention is without merit. This entire matter was the subject of a lengthy bench trial at the conclusion of which the trial judge granted most of' the relief requested by the Hernstadts, and denied most of the relief requested by the Association. The principal issue on appeal was whether the doctrines of waiver and estoppel operated to prevent the Association from enforcing the terms of the Declaration of Condominium. The phrase “enter judgment for the Association” was correctly interpreted by the trial court and its judgment is consistent with the mandate. See City of Miami Beach v. Arthree, 300 So.2d 65 (Fla. 3d DCA 1973).
The Hernstadts also contend that the proceedings on remand deprived them of due process of law. They assert that they had neither notice nor an opportunity to be heard with respect to the relief granted the Association. The Hernstadts argue that they are entitled to a new trial on the counterclaim. We disagree. As already stated, the original trial judge conducted a *1229 bench trial on the merits of the Hernstadts and Association’s claims. On direct appeal, our court determined that the defenses of waiver and estoppel were not available to the Hernstadts, and that, on the record as made, the Association was entitled to judgment. The new final judgment entered after remand is consistent with the relief requested by the Association in its counterclaim and is entirely consistent with both the opinion and mandate of this court. The Association filed a written motion for entry of final judgment on the mandate, which gave fair notice of the Association’s position. The trial court heard argument of counsel and entered the judgment now under review. The procedure followed conforms to the requirements of the due process clause.
Affirmed.