PER CURIAM.
This case is before us for a third time. In the first appeal, Brickell Bay Club Con *969 do. Ass’n, Inc. v. Hernstadt, 512 So.2d 994 (Fla. 3d DCA 1987), rev. denied, 520 So.2d 584 (Fla.1988), we decided that as between the parties, the condominium association and not the Hernstadts was the owner of a roof structure which had housed an air-conditioning unit for an adjacent restaurant.
In the second appeal, Hernstadt v. Brickell Bay Club Condo. Ass’n, Inc., 560 So.2d 1227 (Fla. 3d DCA 1990), cert. denied, — U.S. -, 111 S.Ct. 2015, 114 L.Ed.2d 102 (1991), we affirmed an order entered on our mandate which directed the Hernstadts to “cease and desist from using the roof structure which was the subject matter of this action ... and [to] ... restore said roof structure and ceiling to its previous state and condition at their own cost and expense.”
On remand from the second appeal, the trial court entered an order on the Association’s motion granting a Writ of Possession and authorizing “Brickell Bay Club Condominium Association, Inc. [to] take all reasonable action necessary ... after obtaining possession, to restore said roof structure and roof ... to its previous state prior to the changes made by William and Judith Hernstadt ...” In this third appeal the Hernstadts contend that “[t]he order entered by the trial court giving possession to the Association and the right to enter the unit to alter it is beyond the scope of the mandate” which we affirmed in the second appeal.
This appeal is frivolous. It was held in the first case that the roof structure was a common element owned by the Association. The trial court mandate approved in the second appeal ordered the Hernstadts to remove their furnishings, restore the structure to its original condition and to vacate the premises. In no respect does the order on review exceed the scope of our two prior mandates.
Affirmed.